MILLERS NATIONAL INSURANCE COMPANY *v.* AMERICAN STATE BANK OF EAST CHICAGO.

[No. 25,581.   Filed May 24, 1934.]

512

*Patterson & Thiel*, for appellant.

*Abe Ottenheimer* and *Ibach, Gavit, Stinson & Grant*, for appellee.

FANSLER, J.—This is an action by appellee against appellant to recover upon an automobile insurance policy.

Appellee filed its complaint in the City Court of East Chicago asking for damages in the sum of $600.00. The record shows that the cause was put at issue in the City Court by the filing of an answer in four paragraphs. It does not appear from the record how the issue was decided, or that there was any trial or judgment in the City Court of East Chicago. From the recitals in the record, it is apparent that there was an appeal to the Lake Circuit Court, a trial *de novo* by the court without a jury, and a finding and judgment against appellant in

the sum of $500.00, from which judgment this appeal is taken.

The only errors presented involve the jurisdiction of the court and the overruling of appellant's motion for a new trial.

Appellant asserts that the City Court of East Chicago had no jurisdiction over the subject matter of the action, and that, therefore, the Lake Circuit Court, upon appeal, did not obtain jurisdiction. Its position is based upon the theory that the Act of the General Assembly of 1921, p. 587, conferring special jurisdiction upon certain city courts, including the City Court of East Chicago, is void and unconstitutional for the reasons: (a) That the act does not classify certain cities, but only identifies one city, and that, therefore, the classification is void under section 22 of article IV of the Constitution of Indiana; (b) that the act is unconstitutional since it deprives a party litigant of the constitutional right to a trial by a jury of twelve men; and (c) that the act is a local and special act regulating the practice in courts of justice, and is unconstitutional under Article IV, section 22, of the Constitution of Indiana.

The act provides that the city court of any city of the second-class, not having a circuit or superior court located therein, shall have jurisdiction of all civil cases for the enforcement of demands not exceeding $2000.00, where the parties or subject matter are in the township in which the city is located. There are certain exceptions to the jurisdiction, which we need not notice here. It is provided that:

"Such city court shall be governed so far as may be by the laws and rules governing the practice, pleading and processes in circuit courts, excepting as provided in this act and other laws governing city courts."

There is no provision in the act concerning jury trials, and, hence, we look to §11041, Burns 1926, (§4-

2607, Burns 1933, §11612, Baldwin's 1934), which provides that:

> "All issues of fact (in a civil action) pending in said city courts shall be triable by the judge, unless either party shall demand a jury trial, which jury shall consist of six qualified voters of the city, to be summoned by the bailiff by venire issued by the judge."

It is contended by appellant that the Act of 1921, conferring jurisdiction in civil cases up to $2,000.00 in the City Court of East Chicago, is unconstitutional and void because it is to be construed in connection with the other acts concerning city courts, among which is the one last quoted, providing for a jury of six; that under our constitution parties litigant are entitled to a trial of issues of fact in civil actions by a common-law jury of twelve; that the act denies trial by jury, and therefore is unconstitutional.

Section 20, Art. 1, of the Constitution of Indiana provides that: "In all civil cases, the right of trial by jury shall remain inviolate." It is well settled by our decisions that the Constitution of Indiana must be interpreted in the light of the common law of England. Concerning our constitutional provision, this court said in the case of *Allen* v. *Anderson* (1877), 57 Ind. 388:

> "This provision of the constitution was adopted in reference to the common-law right of trial by jury, as the language plainly imports, namely, that the right 'shall *remain* inviolate,' that is, *continue* as it was."

The courts of numerous states having a constitutional provision as to juries identical or similar to ours, and the United States Supreme Court, have universally held that such a constitutional provision preserves the right to a trial by a common-law jury. At common law the right to a trial by jury was

only satisfied by a trial before a jury of twelve, presided over by a judge with power and authority to direct the conduct of the trial, and advise the jury concerning the law, and to arrest and set aside judgments. It is well settled that the constitutional requirement is only satisfied by a trial by such a jury, so presided over, and that the right may not be curtailed by legislative enactment reducing the number of jurors, or dispensing with judicial supervision of the trial. At common law a trial by a jury of twelve, or any other number, presided over by a justice of the peace, was not a trial by jury, since the justice of the peace was not considered as having judicial power, and had no right to grant a new trial, or arrest judgment upon the verdict, or set the verdict aside for any cause whatsoever. It has been universally held, however, that this constitutional right is not infringed by a statutory provision for trial of civil causes for moderate amounts by a justice of the peace, or in his presence by a jury of twelve, or of any less number, allowing to either party the right to appeal from the judgment to a court of record and to have a trial by jury in that court. The question is elaborately and exhaustively discussed in the opinion by Mr. Justice Gray in the case of *Capital Traction Co.* v. *Hof* (1899), 174 U. S. 1.

But we are considering here the jurisdiction of a city court, presided over by a city judge. It is argued that the city court has civil jurisdiction concurrent with that of justices of the peace, but it must be remembered that the statute also provides that it shall have original concurrent jurisdiction with the circuit court where the amount in controversy does not exceed $500.00 under the general statute, or $2,000.00 under the statute here under consideration, and that "such courts shall be governed so far as may be by the laws and rules governing the practice, pleadings and

processes in the circuit court of the state, excepting as in this act otherwise provided." This court is provided with a clerk, and it is a court of record; it is provided that judgments rendered shall have the same force and effect as judgments rendered in circuit courts when certified transcripts thereof are filed with the clerk of the circuit court. §11042, Burns 1926 (§4-2608, Burns 1933, §11613, Baldwin's 1934), provides that new trials may be granted by the judge of a city court, and provision is made for change of venue from the judge, and the appointment of a practicing attorney as special judge. We must conclude that the tribunal is a court, presided over by a judicial officer, with the same powers as to the supervision of the conduct of trials, instruction of jury as to the law, granting new trials, and arresting judgment, that are vested in circuit courts and the judges thereof; and that, therefore, a trial by a jury of twelve men in a city court, presided over by the judge thereof, is a trial by jury conforming to the common-law requirements and satisfying the constitutional provision.

It follows, therefore, that the portion of the statute providing for a jury of six is unconstitutional and void. But without this clause the statute is workable, and must be considered as operative, and the clear intention of the legislature that the statute should be operative, notwithstanding any portion might be declared unconstitutional, is manifest by a clause in the act to that effect. The court will ignore the void statutory provision and impanel a jury of twelve as required by the constitution.

The qualifications of jurors are subject to legislative control, and need not follow the common law. *Palmer* v. *State* (1926), 197 Ind. 625, 150 N. E. 917.

The statute provides that the jurors shall be qualified

voters of the city. The mode of selection was not an essential element in the right to trial by jury at common law, and, therefore, the jurors may be called by the bailiff.

It is urged that the statute is unconstitutional for the reason that it is a local or special law, in that it does not classify cities, but only identifies one city.

It is well settled that the legislature may classify cities upon the basis of population for the purpose of applying methods of governmental organization, and that the legislation applied to such a class will be deemed general and not special if it applies to all coming within the class in all parts of the state under the same circumstances. *Heckler* v. *Conter, Treas., et al.* (1933), ante 376, 187 N. E. 878.

The statute in question applies to city courts in cities of the second-class which do not have either a circuit or superior court located therein. The reason for the classification is inherent in the subject matter, and the purpose is apparent. It seems clear that in large cities which do not have access to a circuit or superior court, there is need for more judicial facilities than in smaller places. It serves the double purpose of furnishing persons residing in those cities with a convenient, local tribunal in which small civil actions may be tried without inconveniencing plaintiff and defendant by necessitating pilgrimages to another city, and relieves the circuit and superior courts of the county of the burden of many small cases that otherwise would be required to seek their jurisdiction. It is suggested that at the time of its passage the statute affected only the city of East Chicago. We take judicial notice of the fact that since its passage a superior court has been created in the city of East Chicago, which takes that city out of the operation of the statute, and we are advised that at least

one other city now has a sufficient population to bring it within the operation of the statute if its size does not diminish before the next United States census.

The statute does not provide for a trial *de novo* upon appeal from the city court, but by §2 of the act provides for an appeal from any judgment of the City Court of East Chicago to the circuit or superior court in the same manner in which appeals are taken to the Appellate Court from judgments of circuit courts; that the party desiring to appeal shall file his bond within thirty days from the date of judgment, a bill of exceptions within ten days after the rendition of judgment, and that the transcript and bill of exceptions shall be filed in the circuit or superior court within thirty days after the bill of exceptions shall have been signed. There are other provisions varying from the practice on appeal to the Appellate Court and to this court, but it is intended that the court to which the appeal is taken shall review the decision of the city court upon assigned error, and that it shall either affirm the judgment of the city court or reverse the same for error of law occurring at the trial.

Upon this case being appealed to the Circuit Court of Lake County, that court held the section last referred to unconstitutional, and proceeded to try the case *de novo*. Upon what theory the provision of the statute was held unconstitutional we are not advised, either by the briefs or the record, nor are we advised as to any reason why we should hold it unconstitutional. It would seem to be entirely within the power of the legislature to create courts of inferior jurisdiction in *all* cities of the second-class, and provide for a review of their decisions upon assigned error by the circuit courts of the respective counties in which the cities are located. Such a statute would be general and uniform in operation, and, so far as we know, the power of the legisla-

ture to provide for intermediate appeals is not seriously questioned.

The section of the statute providing for an appeal is constitutional, and the circuit court had no jurisdiction to try the case *de novo*.

The transcript of the record of the proceedings of the City Court, as exhibited in the record filed here, is apparently incomplete. It discloses only that on the 22nd day of December, 1922, the plaintiff (appellee) filed its amended complaint in the city court, a copy of which is set out in the record; and that on the 14th day of April, 1923, the defendant filed its demurrer to the amended complaint in the City Court, a copy of which is set out; and that on the 14th day of April, 1923, the defendant filed its answer in four paragraphs, a copy of which is set out. That seems to be all of the record and transcript filed in the Circuit Court. The next entry in the record here shows that on the 17th day of June, 1924, the cause was submitted to the Circuit Court on the record from the City Court of East Chicago. Such a record did not present any question for review by the Circuit Court. It does not show the ruling of the City Court on defendant's demurrer, nor does it show that any judgment was entered, although it appears from the briefs that there was a judgment for $600.00 for plaintiff in the City Court, nor does it appear that the Circuit Court considered any assigned error. The next entry shows that on the 14th day of May, 1926, the cause was ordered to stand for trial *de novo* in the Circuit Court. On the 13th day of December, 1926, the following order was made in the Circuit Court:

"The regular Judge of this court having heard the argument and read the record and evidence introduced in the City Court of East Chicago, now feels that he should not try this cause and challenges himself herein."

But no bill of exceptions or other record of the evidence heard in the City Court of East Chicago appears in the record filed here. A special judge was appointed and qualified. On the 24th day of October, 1927, "the demurrer to the amended complaint, filed in the City Court of East Chicago, Indiana, is now considered by this court, and the court having considered the same now overrules said demurrer, to which ruling of the court the defendant excepts; thereupon this cause is submitted to the court for hearing and trial, without the intervention of a jury . . ."

If we may assume that the demurrer was overruled by the City Court of East Chicago, and that in passing upon it the Circuit Court was reviewing the ruling of the City Court upon the demurrer, we might consider the ruling of the Circuit Court upon the demurrer, since that ruling is assigned as error here. We cannot say that the record as presented here, presented any question for review in the Circuit Court.

The statute contemplates than an appeal to the circuit court shall be of the same character as appeals to the Appellate Court and to this court. It is fundamental that such appeals can be taken only from a final judgment, and that the record on appeal must disclose that there was a judgment and that it was final. Upon the record as presented here, the appeal should have been dismissed by the Circuit Court. It appears, however, that the record of the City Court as certified here may not be the complete record certified to and filed in the Circuit Court. The Circuit Court having had no jurisdiction to try the cause *de novo*, its judgment is erroneous.

The judgment is reversed, with instructions that the Circuit Court of Lake County dismiss the appeal, or, in the event the record of the City Court filed with it shows a final judgment, that it consider and review

any errors that may be assigned, and affirm or reverse the cause as contemplated by §2 of ch. 215 of the Acts of 1921.