CHARLES SMITH *v.* STATE OF INDIANA

[No. 3-997A247. Filed March 28, 1978.]

*Barrie C. Tremper*, Allen County Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Terry G. Duga,* Deputy Attorney General, for appellee.

HOFFMAN, J. — Defendant-Appellant Charles Smith was convicted by a jury of first-degree burglary[1] and sentenced to the Indiana Department of Correction for a period of not less than ten (10) nor more than twenty (20) years. The sole issue presented in this appeal is whether a criminal defendant can agree to be tried by a jury consisting of less than twelve (12) members.

The evidence discloses that one of the jurors became ill after the jury had retired to deliberate upon its verdict and that the defendant with counsel and the State by counsel agreed to an eleven-member jury to conclude the cause. The evidence further disclosed that the defendant in person consented and agreed to the eleven-member panel.

Early Indiana decisions have held that a criminal defendant cannot agree to a trial by a jury of less than twelve members. *Wartner v. The State* (1884), 102 Ind. 51, 1 N.E. 65; *Moore v. The State, ex rel. Clegg* (1880), 72 Ind. 358; *Allen v. The State* (1876), 54 Ind. 461; *Brown v. The State* (1861), 16 Ind. 496. However, more recent decisions have re-examined the function of the twelve-member jury. In *Williams v. Florida* (1970), 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, the United States Supreme Court considered the issue of whether the Sixth Amendment guarantee of a trial by "jury" necessarily required trial by exactly twelve persons. The Court stated that while sometime in the 14th century the size of the common-law jury came to be fixed at twelve, that particular feature of the jury system was apparently nothing more than an historical accident which was unrelated to the purposes which gave rise to the jury in the first instance. The Court noted that its own earlier decisions had assumed that this particular feature of the common-law jury was necessarily preserved in the Constitution without ever having determined whether every feature as it existed at common law — whether incidental or essential to that institution — was necessarily included in the Constitution. In concluding

---

1. IC 1971, 35-13-4-4(a) (1977 Burns Supp.). This section was repealed by Acts 1976, P.L. 148, §24, effective October 1, 1977. For current law see IC 1971, 35-43-2-1 (1977 Burns Supp.).

that a common-law jury composed of precisely twelve was an historical accident, the Court stated that Legislatures may well have their own views concerning the relative values of the larger and smaller juries and that Legislatures could have good reasons for concluding that the twelve-member jury was preferable to the smaller jury. The Court stated that its holding left these considerations to Congress and the states, unrestrained by an interpretation of the Sixth Amendment, as applied to the states through the Fourteenth Amendment, which would dictate the precise number that can constitute a jury.

Our Supreme Court faced a similar issue in *In re Public Laws Nos. 305 and 309* (1975), 263 Ind. 506, 334 N.E.2d 659. Relying on *Williams v. Florida, supra,* and what was described as the "obvious legislative intent in this statute," our Supreme Court upheld the constitutionality of the provision in the county court statute[2] which provides six-member juries in both civil and criminal cases tried by jury in county courts. The Supreme Court noted that such a decision represented a change of law in Indiana, citing, *Millers Natl. Ins. Co. v. American State Bank* (1934), 206 Ind. 511, 190 N.E. 433 (civil), and noting *Allen v. The State, supra,* (criminal). In light of these decisions, it must be concluded that there is no constitutional requirement of a jury consisting of exactly twelve members.

Nor is there any statute which prohibits a criminal defendant from agreeing to a trial by a jury of less than twelve members. IC 1971, 35-1-30-1 (Burns Code Ed.),[3] provided that "[t]he petit or trial jury used in civil cases shall also act in criminal cases, but shall consist of twelve (12) qualified jurors. . . ." Since this provision is primarily for the protection of the accused, waiver by the party sought to be protected should be possible. It should further be noted that IC 1971, 35-1-34-1 (Burns Code Ed.), permits the defendant and prosecuting attorney, with the assent of the court, to submit the trial to the court. Since a defendant may waive the entire jury, there is no sound reason why he may

---

2.  IC 1971, 33-10.5-7-6 (1977 Burns Supp.).

3.  This section was amended by Acts 1977, P.L. 26, § 18, at 169, effective October 1, 1977, and provides as follows:

"The trial jury used in civil cases shall act also in criminal cases, but must in criminal cases consist of twelve (12) qualified jurors, except as provided in IC 33-10.5-7-6."

not waive a party of the jury. The ABA Standards for Criminal Justice, Standards Relating to Trial by Jury, § 1.3(b) (Approved Draft 1968), follows this approach and would permit a criminal defendant to stipulate at any time before verdict to a jury consisting of fewer than twelve members.

The appellant could therefore waive any statutory right to a jury of twelve. The evidence shows that the appellant in person agreed to the eleven-member jury. Defense counsel and the prosecuting attorney also agreed to the eleven-member panel. Accordingly, there was a valid waiver of a twelve-member jury. The judgment of the trial court is therefore affirmed.

Affirmed.

Staton and Lowdermilk, JJ., participating by designation, concur.

NOTE — Reported at 373 N.E.2d 1112.