James Rufus HOLLINESS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 483 S 148.

Supreme Court of Indiana.

Aug. 16, 1984.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka; Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James Rufus Holliness, was convicted by a jury of rape, a Class A felony, Ind.Code § 35–42–4–1 (Burns 1984 Supp.) and robbery, a Class B felony, Ind. Code § 35–42–5–1 (Burns 1984 Supp.) and was found to be a habitual offender, Ind. Code § 35–50–2–8 (Burns 1984 Supp.). His sentence of forty years for the crime of rape was enhanced with thirty years because of the finding of habitual offender status, and he was sentenced to a concurrent term of ten years for the robbery. He raises the following three issues in this direct appeal:

1. Whether the trial court erred by refusing to grant a mistrial when one of the state's witnesses improperly referred to the "rap sheet" of defendant;

2. Whether the trial court erred by permitting an eleven-member jury panel to render a verdict after a juror had become ill and defense counsel consented to the eleven-member panel; and

3. Whether there was sufficient evidence to support the jury verdict on each of the three counts.

A brief summary of the facts from the record most favorable to the state shows that on December 27, 1981, defendant gained access to the victim's motel room by pretending to be the motel manager. He held a gun to the victim's head and demanded money. The victim gave defendant her watch and rings. Defendant then raped the victim.

I.

Defendant first contends that the trial court erred by denying his motion for mistrial after one of the state's witnesses improperly referred to a "rap sheet." During the trial, Officer Carl Alfeld testified that he interviewed the victim after the incident and got a physical description of the assailant from her. He showed her a series of photographs from which the victim picked out defendant's picture. The following exchange then took place:

Q. "And after that identification was made, what did you have [the victim] do?"

A. "I talked to her some more, I then proceeded over to the Records Bureau where I pulled a rap sheet and a mug shot."

Defendant moved for a mistrial which was denied by the trial court. The court immediately admonished the jury in the following manner:

COURT: "All right. All right. The jury is admonished to disregard the last answer. Do you understand? Disregard the last answer as if it had never been given. All right, let's proceed, gentlemen."

Defendant now asserts that the court's admonition was insufficient to cure the prejudice resulting from the implication that he had a prior criminal record.

It is axiomatic that the granting of a mistrial lies largely within the sound discretion of the trial court and is only proper where, under all the circumstances, the defendant has been placed in a position of grave peril to which he should not have been subjected. *Ramos v. State*, (1982) Ind., 433 N.E.2d 757; *Tinnin v. State*, (1981) Ind., 416 N.E.2d 116. If a jury is admonished by the trial judge to disregard what has occurred at trial, or if other reasonable curative measures are taken, reversible error will not normally be found. *Ramos v. State*, 433 N.E.2d at 759; *Page v. State*, (1980) Ind., 410 N.E.2d 1304.

In order to override the trial court's determination that an admonition would suffice to cure any prejudice, we consider the probable impact of the irregularity on the verdict. We have consistently held that in those cases involving simple irregularities such as counsel asking leading questions or questions calling for hearsay

answers, there is a strong presumption that the jury was able to follow the admonitions of the trial court to disregard any hastily given evidence. *Davis v. State*, (1981) Ind., 418 N.E.2d 203; *Hightower v. State*, (1973) 260 Ind. 481, 296 N.E.2d 654.

In this case, the police officer gave relevant testimony about his interview with the victim and her identification of defendant. His improper reference to a "rap sheet" was only a vague reference to defendant's possible involvement in other crimes and was immediately followed by an admonition to the jury. Under these circumstances, we do not find that defendant was placed in a position of grave peril to which he should not have been subjected or that the testimony would have adversely affected the verdict.

## II.

During the jury selection proceedings in the instant case, the trial court asked the prosecutor and defense counsel if they would accept twelve jurors and forego the selection of an alternate juror. The court explained that if no alternate juror was selected, he would conclude the case with an eleven-member jury in the event one juror became ill. Both attorneys answered in the affirmative and the jury selection continued until twelve jurors were chosen. At that time, both counsel approached the bench and stated that they accepted the twelve-member jury. Defendant was sitting at the defense table in the courtroom when this occurred. Later, after the jury had begun deliberations, one of the jurors became ill and was taken to the hospital. The court informed both counsel and defendant about this problem and then had the jury resume deliberations with eleven people.

At that point, defendant told his counsel that he did not want eleven people deciding his case and that he was entitled to a twelve-member jury. His attorney reminded defendant that the decision to proceed

with the original twelve-member jury and no alternate had already been made before the trial started. The trial court was not notified of defendant's objection to his counsel about continuing deliberations with the eleven-member jury.

It is clear that there are no constitutional or statutory requirements which prohibit a criminal defendant from agreeing to a trial by a jury of less than twelve members. *In re Public Laws Nos. 305 and 309*, (1975) 263 Ind. 506, 334 N.E.2d 659; *Smith v. State*, (1978) 176 Ind.App. 37, 373 N.E.2d 1112.

Our present statutes provide for six-member juries in both civil and criminal cases tried by jury in county courts. Ind. Code § 33–10.5–7–6 (Burns 1984 Supp.). Under the statute which governed defendant's case, Ind.Code § 35–1–30–1 (Burns 1979 Repl.), the provision that a petit jury was to have twelve members was primarily for the protection of the accused and therefore the requirement could be waived by him.[1] In a similar case, the Court of Appeals found there was a valid waiver of the statutory right to a jury of twelve when both attorneys and defendant personally agreed to allow an eleven-member jury to conclude a case after one juror became ill. *Smith v. State*, 176 Ind.App. at 39, 373 N.E.2d at 1113.

Here, defendant argues that the record does not show he personally consented to be tried by a jury of less than twelve and that therefore there was no valid waiver. However, the record does show that he was present in the courtroom when the twelve-member jury panel, without any alternates, was accepted by both parties and that he made no objection at that time to the trial court. Even after one juror became ill and the court notified both parties and defendant that the deliberations would continue with the eleven-member jury, defendant made no express objection to the court. The record shows that the decision to pro-

---

**1.** The present statute, Ind.Code § 35–37–1–1 (Burns 1984 Supp.) expressly allows defendant

to waive a twelve-member jury.

ceed with an eleven-member jury in the event one juror became ill was expressly agreed to by both parties before the trial started. The record also shows that defendant was relying upon his counsel to make all the tactical and strategic decisions during the course of the trial and to voice any necessary consent or objection to various trial procedures throughout the trial.

 Under the circumstances of this case, we think the trial court was justified in relying on counsel's express agreement to select only a twelve-member jury and conclude with an eleven-member jury in the event it became necessary. Since the right to be tried by a jury of exactly twelve members is not a constitutional right, defendant's failure to make an express objection to the trial court either personally or through his counsel constituted a valid waiver. *See People v. Mayden* (1979) 71 Ill.App.3d 442, 27 Ill.Dec. 670, 389 N.E.2d 901.

### III.

Defendant finally alleges that there was not sufficient evidence to support the jury's verdict. He has not presented any cogent argument or citations of authority to support this argument concerning the counts of rape and habitual offender and has therefore waived this issue on those counts. Ind.R.App.P. 8.3(A)(7); *Alexander v. State*, (1983) Ind., 449 N.E.2d 1068. Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Tunstall v. State*, (1983) Ind., 451 N.E.2d 1077; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986.

 Defendant argues that the state failed to show the necessary element of putting the victim in fear because she voluntarily opened the door of her motel room. We find no merit to this contention since the victim specifically testified that she opened the door because she thought the motel manager was there. She also testified that defendant held a loaded gun to her head when he demanded her money. Although she did not specifically state that she was "in fear," the jury was clearly able to infer this element from her testimony. *Baker v. State*, (1980) 273 Ind. 64, 402 N.E.2d 951; *Brewer v. State*, (1977) 267 Ind. 238, 369 N.E.2d 424. There was sufficient evidence to uphold the jury's verdict.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.