John JUDY, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–684A189.

Court of Appeals of Indiana,
Third District.

Nov. 8, 1984.

Charles H. Criss, Pauper Counsel, Miami Superior Court, Peru, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Following a jury trial appellant Judy was convicted of battery as a Class C felony. The evidence favorable to the verdict discloses that Judy beat the victim with a pool cue and kicked him in the face, chest and right leg causing, among other injuries, a broken leg.

At the time of Judy's trial, IC 35–37–1–1 provided that a defendant charged with a Class C felony was triable by a twelve person jury "unless the defendant and the prosecuting attorney agree to a lesser number." Judy's attorney and the prosecutor agreed to trial by a six member jury and the case was tried in that manner.

Citing the language of the statute and our Supreme Court's decision in *Good v. State* (1977), 267 Ind. 29, 366 N.E.2d 1169 Judy argues that it was reversible error to permit a six member jury to hear his case without his express consent. The issue, however, is not whether consent was necessary to empower a six member jury to hear the case. Under the plain language of the statute it clearly was. *See also Smith v. State* (1978), 176 Ind.App. 37, 373 N.E.2d 1112. The issue is whether consent could only be given by Judy, personally, or whether it might be given by counsel on his behalf. It is undisputed on the record that Judy's counsel did consent and that Judy personally neither expressed assent or objection.

■ Traditionally, "when a defendant consents at the outset to accept counsel as his representative, 'law and tradition may allocate to counsel the power to make binding decisions of trial strategy in many areas.'" *Bradberry v. State* (1977), 266 Ind. 530, 536–37, 364 N.E.2d 1183, 1187 quoting *Faretta v. California* (1975), 422 U.S. 806, 820–21, 95 S.Ct. 2525, 2533–34, 45 L.Ed.2d 562. Thus, the decision or consent of counsel operates as the decision or consent of the accused generally in the area of trial procedure. *Lock v. State* (1980), 273 Ind. 315, 403 N.E.2d 1360; *see also United States ex rel. Goldsby v. Harpole* (5th Cir. 1959), 263 F.2d 71, *cert. denied* 361 U.S. 838, 80 S.Ct. 58, 4 L.Ed.2d 78 and 361 U.S. 850, 80 S.Ct. 109, 4 L.Ed.2d 89; 7 Am. Jur.2d, *Attorneys at Law*, Section 149 *et seq.*

On the other hand, where the fundamental rights of the accused are involved his personal consent may be necessary for any waiver. Such is the case with an accused's right to trial by jury. *Good, supra.* Contrary to Judy's argument it does not follow, however, that regulation of the number of persons constituting a jury should be qualitatively equated with the right to have

a jury. Indeed, we hold that it should not. The fundamental purposes in preserving the right to jury trial have been identified as protection of an accused from corrupt or overzealous prosecution and against the complaint, biased or eccentric judge. *Duncan v. Louisiana* (1968), 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491; *O'Brien v. State* (1981), Ind.App., 422 N.E.2d 1266, 1269. *See also Williams v. Florida* (1970), 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446. The fulfillment of those purposes does not depend upon whether a jury consists of six or twelve members. *Williams v. Florida, supra; O'Brien, supra; Williams v. State* (1983), Ind.App., 451 N.E.2d 700. In *Williams v. Florida* the Supreme Court clearly expressed the view that neither theory nor experience supports the view that an accused will have any advantage with a twelve person jury. 399 U.S. at 102–03, 90 S.Ct. at 1907.

■ Accordingly, we conclude that while under the statute in question the defendant's consent was necessary to try the case to a six member jury, the consent did not involve a fundamental right. Instead, it was merely a matter of trial procedure and as such was properly consented to by Judy's attorney. No error was committed.

Judy next argues that he was denied the effective assistance of counsel. He premises this assertion upon two contentions: that counsel agreed to a six member jury, and that counsel did not submit to the court proposed final instructions upon any lesser included offenses.

■ In *Elliott v. State* (1984), Ind., 465 N.E.2d 707 our Supreme Court expressly adopted the standards announced in *Strickland v. Washington* (1984), — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674, for determining assistance of counsel claims involving alleged "actual ineffectiveness." In order to establish that counsel's assistance was so defective as to require a reversal the defendant must establish two components:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.[1] Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

104 S.Ct. at 2064.

Amplifying this "test" the court stressed that:

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

104 S.Ct. at 2064.

Thus, the Court determined that in the absence of state interference with counsel's assistance or an actual conflict of interest between counsel and the accused, the general requirement is that the defendant must affirmatively prove prejudice. 104 S.Ct. at 1067. To do so:

"[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

104 S.Ct. at 1068.

■ Returning to the case at hand, the necessary innuendo to Judy's first specification is that twelve person juries are more favorable to defendants than six person juries. As discussed, *supra,* both Indiana and the United States Supreme Court have expressly rejected any such conclusion. Counsel's election demonstrates no deficiency.

---

1. "That a person who happens to be a lawyer is present at trial alongside the accused, however is not enough .... An accused is entitled to be assisted by an attorney ... who plays the role necessary to ensure that the trial is fair." 104 S.Ct. at 2063.

Concerning the failure to tender instructions on lesser offenses, it appears that counsel did so for tactical reasons in the belief that the evidence would thereby enable him to secure an acquittal for his client. Judy does not now argue that a specific lesser offense instruction should have been given or demonstrate how one would have been applicable to the charge and the evidence. He simply asserts, instead, that under the information and evidence instructions on battery as a Class A and Class B misdemeanor, and upon criminal recklessness as a Class A misdemeanor and Class D felony should have been tendered.[2]

Assuming arguendo that some lesser offense instruction might have been appropriate, Judy has wholly failed to establish that failure to tender the instruction in any manner improperly prejudiced his defense. If the jury convicted the defendant of the principal offense, then the evidence must sustain the conviction or it will be reversed on appeal. If the evidence does sustain the conviction then failure to instruct on a lesser offense did not prejudice Judy's case. On the other hand, if the jury does not convict on the principal offense, then in the absence of lesser offense instructions, it must acquit and again Judy's defense is not prejudiced. The only potential "prejudice" to Judy arises from the possibility that although the evidence is sufficient to convict upon the principal offense, an appeal for sympathy, etc. may cause them to convict upon only the included offense. That prejudice is, however, not a legal entitlement. *See, e.g., Rowe v. State* (1968), 250 Ind. 547, 237 N.E.2d 576. Accordingly, we find Judy has failed to establish his claim that he was denied effective assistance of counsel.

Finally, Judy asserts the evidence was insufficient to support a finding that the battery resulted in serious bodily injury. We disagree. IC 35–41–1–2 defines "serious bodily injury" as including injuries that cause "extreme pain or permanent or protracted loss or impairment of the function of a bodily member or organ."

In his sufficiency argument, Judy chooses to ignore the testimony of the victim. The victim testified that he was hit by Judy on the face and chest with a cue stick, pushed outside, and beaten with the cue stick and kicked by Judy continuously for from three to five minutes. His leg was broken in three places, he was in the hospital for four days and in a cast for three months, and still walked with a limp at the time of trial. This evidence was sufficient to establish serious bodily injury. *Miller v. State* (1983), Ind.App., 449 N.E.2d 1119.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.

---

**2.** Although we find it unnecessary to determine whether instructions on some lesser included offense might have been appropriate, if requested, we note that under the evidence, instructing the jury on criminal recklessness would have been improper. Despite broader language in the statute, *Humes v. State* (1981), Ind., 426 N.E.2d 379 held that reckless conduct is essen- tial to these offenses. For an instruction to be appropriate there must be evidence making it applicable to the trial. *Johnson v. State* (1982), Ind., 435 N.E.2d 242. Here the evidence presented an aggravated intentional battery, a technical battery, or no offense at all. There was no evidence of recklessness.