**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**James BURROFF, Appellee–Defendant.**

**No. 02A05–9112–CR–415.**

Court of Appeals of Indiana, Fifth District.

Sept. 9, 1992.

---

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Bruce R. Snyder, Fort Wayne, for appellee-defendant.

BARTEAU, Judge.

The State appeals the trial court's ruling granting defendant-appellee James Burroff judgment on the evidence in his trial for Arson.

## FACTS

In 1989 Burroff purchased a deluxe homeowners policy from Allstate Insurance Company ("Allstate") to cover his residence in New Haven, Indiana. The policy went into effect on November 9, 1989. However, Allstate later learned that Burroff was no longer using the property as his residence. Therefore on March 19, 1990, Allstate notified Burroff that his insurance coverage would end on April 16, 1990 at 12:01 A.M. Burroff later arranged to meet with his agent on April 18, 1990, for the purpose of writing a new policy.

At 8:41 A.M. on the morning of April 18, 1990, the Adams Township Fire Department received a report of a fire at Burroff's house. The fire was extinguished in less than ten minutes. An investigation revealed that the fire originated in and around the residence's water heater and that the cause was arson by liquid accelerant.

Burroff was prosecuted under Ind.Code 35-43-1-1(c) for the offense of arson by knowingly damaging property with intent to defraud his insurance company, a class C felony. After the State rested its case in chief, defense counsel moved for a directed verdict on the grounds that there could not have been any intent to defraud because there was no insurance in force at the time of the arson. The trial court agreed, finding performance of the crime impossible, and granting the directed verdict in favor of Burroff.

The State filed an appeal of a reserved question of law pursuant to Ind.Code 35-38-4-2(4), raising the following issue:

> Whether the trial court erred in granting the defense's motion for judgment on the evidence when the State failed to prove, in a prosecution for arson with intent to defraud an insurance company, that the defendant possessed a valid insurance policy at the time of the fire.

## DISCUSSION

When the defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court. *State v. Goodrich* (1987), Ind. 504 N.E.2d 1023, 1024. Although the issue addressed in this case may be moot, the purpose of this appeal is to provide guidance to the trial courts in future cases. *Id.*

"The bedrock rule of statutory construction is that a statute clear and unambiguous on its face need not and cannot be interpreted by a court." *Indiana Alcoholic Beverage Comm'n v. Osco Drug, Inc.* (1982), Ind.App., 431 N.E.2d 823, 833. The statute defining the crime of arson states: "A person who, by means of fire or explosive, knowingly or intentionally damages property of any person *with intent to defraud* commits arson, a class C felony." Ind.Code 35-43-1-1(c) (emphasis added). The policy here was terminated two (2) days before the fire and it would therefore be impossible for Burroff to actually defraud Allstate, but the statute only

requires an intent to defraud at the time the fire is started.[1]

Furthermore, in criminal cases, Indiana generally does not recognize the defense of impossibility. "It is no defense that, because of misapprehension of the circumstances, it would be impossible for the accused person to commit the crime attempted." Ind.Code 35–41–5–1. As our supreme court noted in *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d. 507:

> It is not necessary that there be a present ability to complete the crime, nor is it necessary that the crime be factually possible. When the defendant has done all he believes necessary to cause the particular result, regardless of what is actually possible under particular circumstances, he has committed an attempt. The liability of the defendant turns on his purpose as manifested through his conduct. If the defendant's conduct in light of all the relevant facts involved, constitutes a substantial step toward the commission of the crime and is done with the necessary specific intent, then the defendant has committed an attempt.

*Id.* 388 N.E.2d at 510.

Although the *Zickefoose* decision concerned an attempt, the reasoning applies with even greater force here, where the crime has actually been completed. The gravamen of the offense is the accused's intent to defraud, and the essential inquiry is whether the accused believed he was covered, regardless of the true state of his insurance coverage. If the defendant believes there is coverage, and he burns his property with the intent to defraud the insurer, the crime is committed, even if the defendant's intent could not have come to fruition.

The arson statute requires proof of only general criminal intent which may be inferred from the acts committed and the surrounding circumstances. *Neuhausel v. State* (1988), Ind.App., 530 N.E.2d 121, 124. If the defendant burned his property the jury should determine his intent from the facts and circumstances surrounding the fire. *Beneks v. State* (1935), 208 Ind. 317, 196 N.E. 73, 76. In *Beneks* the court held that there was still a question for the jury with regard to defendant's intent to defraud despite the fact that defendant never collected anything on his insurance policy, nor made any demand for payment. The court stated that otherwise a person who is guilty of arson might, upon discovery, avoid punishment by not making a claim. *Id.*

At trial the State presented evidence that Burroff informed members of the fire department that he had insurance on the house (R. 63–64), reported the loss to Allstate (R. 296, 333–334), and indicated to his insurance adjustor that he believed he had insurance coverage. (R. 370–71, 375–76). Thus a question of fact remained whether Burroff believed he was covered by the policy.

Because there was substantial evidence from which it could be inferred that Burroff intended to defraud Allstate, we find that the trial court erred in granting the judgment on the evidence.

The appeal is sustained.

RUCKER and ROBERTSON, JJ., concur.

---

1. Note that under an older version of the arson statute insurance on the home was a required element of arson with intent to defraud:

> Any person who willfully and maliciously sets fire to or burns, or causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any dwelling-house ... such being the property of another; *or being insured against loss or damage by fire* and such setting of fire to or burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with intent to prejudice or de-

> fraud the insurer; or such setting of fire to or burning or such causing, aiding, counseling or procuring such setting of fire to or such burning being with intent to defeat, prejudice or fraud the present or prospective property rights of his or her spouse, or co-owner, shall be guilty of arson in the first degree....

Ind.Code 35–16–1–1 (repealed effective July, 1, 1977, by Acts 1976, P.L. 148, Sec. 24.) (Emphasis added.) Since such language has been left out of the present statute it is safe to assume that it is no longer an element of the crime.