STATE of Indiana, Appellant–Plaintiff,

v.

Andrew SHELTON, Appellee–Defendant.

No. 49A02–9707–CR–472.

Court of Appeals of Indiana.

March 23, 1998.

Jeffrey A. Modisett, Attorney General, Gregory J. Ullrich, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

## OPINION

NAJAM, Judge.

### FACTS AND PROCEDURAL HISTORY

After Andrew Spalding pled guilty to Reckless Homicide, a Class C felony, and Carrying a Handgun Without a License, a Class A misdemeanor, he identified Andrew Shelton as the person who sold him the handgun used to commit these offenses. Shelton was then charged with Selling a Handgun to a Minor, a Class C felony, and

was acquitted after a jury trial. Pursuant to Indiana Code § 35–38–4–2(4), the State appeals a reserved question of law following acquittal. The issue presented on appeal is whether the legislature intended for the sale of a handgun to a minor to be a strict liability offense in which no culpable mental state need be proven.

## DISCUSSION AND DECISION

■ When the defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court. *State v. Burroff,* 598 N.E.2d 1081, 1082 (Ind.Ct.App.1992). Although the issue addressed is moot, the purpose of this appeal is to provide guidance to the trial courts in future cases. *Id.* Here, the State claims that the trial court erred when it instructed the jury, over the State's objection, that the State had to prove beyond a reasonable doubt that "[t]he defendant *knowingly or intentionally* sold a handgun to another person who was less than eighteen years of age" when the statute itself does not specify a culpable mental state.

■ When interpreting and applying a criminal statute that does not specify a culpable mental state as an element, our goal is generally to determine and effect the legislative intent. *State v. Keihn,* 542 N.E.2d 963, 965 (Ind.1989). However, penal statutes are strictly construed against the State to avoid enlarging them by intendment or implication beyond the fair meaning of the language used. *Id.* Criminal intent has generally been viewed as a presumptive element in criminal offenses. *Id.* at 966. While strict liability offenses are not unknown to the criminal law and do not invariably offend the constitution, "certainly far more than the simple omission of the appropriate phrase from the statutory definition is necessary to justify dispensing with an intent requirement." *Id.* (quoting *United States v. United States Gypsum Co.,* 438 U.S. 422, 437–38, 98 S.Ct. 2864, 2873–2874, 57 L.Ed.2d 854, 869–870 (1978)).

■ While we presume that the legislature intended to include a culpable mental state in a criminal statute, that presumption may be overcome if consideration of the following factors decisively indicates that no such mental state was intended:

1. the legislative history, title or context of a criminal statute;

2. similar or related statutes;

3. the severity of punishment (greater penalties favor culpable mental state requirement);

4. the danger to the public of prohibited conduct (greater danger disfavors need for culpable mental state requirement);

5. the defendant's opportunity to ascertain the operative facts and avoid the prohibited conduct;

6. the prosecutor's difficulty in proving the defendant's mental state; and

7. the number of expected prosecutions (greater numbers suggest that crime does not require culpable mental state).

*Keihn,* 542 N.E.2d at 967 (quoting W. LA-FAVE & A. SCOTT, SUBSTANTIVE CRIMINAL LAW SEC. 1.6 at 48 n. 57 (1986)).

The statute at issue, Indiana Code § 35–47–2–7, provides:

(a) Except an individual acting within a parent-minor child or guardian-minor protected person relationship or any other individual who is also acting in compliance with IC 35–47–10, *a person may not sell, give, or in any manner transfer the ownership or possession of a handgun or assault weapon (as defined in IC 35–50–2–11) to any person under eighteen years of age.*

(b) *It is unlawful for a person to sell,* give, or in any manner transfer the ownership or possession of a handgun *to another person who the person has reasonable cause to believe:* (1) has been: (A) convicted of a felony; or (B) adjudicated a delinquent child for an act that would be a felony if committed by an adult, if the person seeking to obtain ownership or possession of the handgun is less than twenty-three (23) years of age; (2) is a drug abuser; (3) is an alcohol abuser; or (4) is mentally incompetent.

(emphasis added).

■ Shelton was charged pursuant to section (a) which does not specify a culpable

mental state. However, section (b) requires that the defendant have a "reasonable cause to believe" that the person to whom he is selling a handgun fits into one of the prohibited categories. In addition, other statutes which ban the sale of certain items to minors explicitly state the culpable mental state required for a conviction. For example, Indiana Code § 4–30–13–1 makes it a Class A misdemeanor to knowingly sell a lottery ticket to a minor, and Indiana Code § 7.1–5–7–8 makes it a Class C misdemeanor to recklessly sell an alcoholic beverage to a minor. Further, Indiana Code § 35–46–1–10 makes it a Class C infraction to knowingly sell tobacco to a person under the age of eighteen, but it is a defense that the seller reasonably believed the person was at least eighteen. Likewise, Indiana Code § 35–49–3–3 makes it a Class D felony to knowingly or intentionally disseminate obscene material to a minor. Thus, an examination of the context of Indiana Code § 35–47–2–7 and similar statutes indicates that the legislature intentionally excluded a culpable mental state from section (a).

▬ In addition, Indiana statutes that regulate the transfer and possession of handguns were enacted to protect the public from those who would use such weapons in a dangerous or irresponsible manner. *Johnson v. Patterson*, 570 N.E.2d 93, 97–98 (Ind.Ct.App. 1991). The purpose of gun control laws is to gain a maximum degree of control over criminal and careless use of certain firearms while still making such weapons available for protection purposes. *Id.* at 98. The enactment of these statutes reflects a strong public policy against entrusting irresponsible and undependable individuals with handguns and to safeguard the public from incompetent, irresponsible or criminal use of such weapons. *Id.* Youths with handguns, like irresponsible or incompetent adults, present a danger to the public. The legislature has addressed that danger by limiting the persons who may transfer a handgun to a minor to those adults responsible for the actions of the minor, for example, a parent or guardian. As the facts of this case indicate, the transfer of a handgun to a minor·can result in the death of another.

Further, we note that the defendant has an opportunity to ascertain the age of the person to whom he intends to sell a handgun and avoid the prohibited conduct. Indiana Code §§ 35–47–2–8 through 35–47–2–12 set forth the necessary procedures to transfer a handgun to another. As a part of this process, the defendant must determine the age of the transferee.

Finally, we acknowledge that the prosecutor's difficulty in proving the defendant's mental state is great unless the defendant has followed the proper procedures to transfer the handgun. While this factor is not determinative, it adds to the total weight of the factors enumerated in *Keihn* that militate against the presumption that the legislature intended to require a culpable mental state.

Of the seven *Keihn* factors, two militate against the imposition of strict liability, (1) the severity of the punishment and (2) the expected number of prosecutions. The State claims that the punishment is not severe because the statute allows the sentence to be suspended. We cannot agree. The minimum sentence is two years although the trial court may, in its discretion, suspend the sentence. *See* IND.CODE §§ 35–50–2–1, 35–50–2–2, 35–50–2–6. In addition, the State has conceded that it does not expect to prosecute a large number of persons under this statute.

Recently, our supreme court applied the *Keihn* factors to determine whether the legislature intended to require that a person "know" that he is within a thousand feet of a school when that factor is used to enhance the crime of dealing cocaine from a Class B to a Class A felony. *Walker v. State*, 668 N.E.2d 243, 244 (Ind.1996). Although it weighed all seven factors, the court found the great danger of the prohibited conduct persuasive. *Id.* Similarly, youths with handguns present a great danger both to our youth and· the general public, which weighs heavily in favor of the conclusion that the legislature intended to make the sale or transfer of a handgun to a person less than eighteen years of age a strict liability offense. That is especially true when considering the ease with which a defendant can ascertain the transferee's age. The two factors which militate against that conclusion are insuffi-

cient to overcome it. We conclude that the legislature did not intend to require a culpable mental state in Indiana Code § 35–47–2–7(a). Thus, the trial court erred when it instructed the jury that the State was required to prove that "the defendant knowingly or intentionally sold a handgun to a person under the age of eighteen."

We hold that the trial court erred when it determined that the State was required to prove that Shelton knew that Spalding was under the age of eighteen. However, Shelton's acquittal bars a second trial, and we are unable to remand this case for retrial.

BAKER and RILEY, JJ., concur.