Chris CRONEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9809–CR–480.

Court of Appeals of Indiana.

May 18, 1999.

Transfer Denied July 21, 1999.

Andrew C. Krull, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Chris Croney ("Croney") appeals his conviction of carrying a handgun without a permit, a Class C felony. Ind.Code § 35–47–2–1.

We affirm in part and remand in part.

### ISSUES

Croney raises three issues for our review, which we restate as:

I. Whether Croney must be awarded a new trial because he was not tried before a jury of twelve members.

II. Whether a handgun seized by security guards should have been suppressed.

III. Whether the trial court incorrectly made the habitual offender adjudication a consecutive sentence rather than an enhancement.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of May 6, 1997, Croney, Curtis Johnson ("Johnson"), and Tabitha Simmons ("Simmons") entered the lobby of an apartment building. Guard Melva Beaver ("Beaver") of Protection Plus Security, who was monitoring camera transmissions from the building, saw the trio enter the lobby and, pursuant to policy, sent Guard Mike Amberton ("Amberton") to check their identification.

Amberton confronted the trio in the lobby. Simmons provided information verifying that she was a resident of the building, but Croney and Johnson were unable to provide any identifying information. Amberton inquired as to Johnson's age, and after ascertaining that Johnson was only eighteen years old, he removed a paper bag containing a bottled alcoholic beverage from Johnson's control. Beaver, who was now in the lobby, informed Johnson that he was under arrest and began to place him in handcuffs.

By this time, two other security officers, Edwin Gunnell ("Gunnell") and Breck LaMar ("LaMar") had arrived in the apartment lobby. As Beaver was cuffing Johnson, Beaver and Gunnell saw Croney remove a handgun from his waistband and place it in Simmons's coat pocket. LaMar observed the handle of the handgun protruding from the pocket.

The security officers drew their weapons. Beaver searched Simmons and found the handgun. Beaver then asked Croney if he had a license to carry the handgun, and Croney responded that he didn't. Beaver then arrested Croney for carrying a handgun without a license. He subsequently was convicted of the offense by a six-member jury.

## DISCUSSION AND DECISION

### I. TWELVE MEMBER JURY

Ind.Code § 35–47–2–1 provides that the offense of carrying a handgun without a license is a Class A misdemeanor. It is a Class C felony, however, if the defendant has a qualifying prior felony conviction. Croney was convicted of the Class C felony by a six-member jury in a bifurcated proceeding.

Croney contends that his conviction must be reversed because he was entitled to a twelve-member jury. He cites Ind.Code § 35–37–1–1(b), which provides that if a defendant is charged with a Class C felony the jury shall consist of twelve qualified jurors. He also cites *Henderson v. State*, 690 N.E.2d 706 (Ind.1998), in support of his contention.

In *Henderson*, our supreme court noted that "Appellant was charged with a Class C felony, even though it would have been a less serious offense without a prior conviction. . . ." *Id.* at 707. The court then held that "when the State's charging instrument charges the defendant with a Class C felony or higher, regardless of whether the charge has been elevated by virtue of a prior conviction, a twelve-person jury is required." *Id.* In the case, the supreme court affirmed this court's prior decision in *Henderson v. State*, 686 N.E.2d 911 (Ind.Ct.App.1997). Neither the supreme court nor this court addressed the question of whether the statutory requirement could be waived.

 Initially, we note that although a defendant charged with a felony has a constitutional right to a trial by jury, there is nothing in the United States or Indiana Constitutions guaranteeing the defendant a right to trial by a twelve-person jury. *Holliness v. State*, 467 N.E.2d 4, 7 (Ind.1984); *Henderson*, 686 N.E.2d at 913. As the United States Supreme Court clearly has stated, neither theory nor experience support the view that an accused will have any advantage with a twelve-person jury. *Williams v. Florida*, 399 U.S. 78, 102–03, 90 S.Ct. 1893, 1907, 26 L.Ed.2d 446 (1970). The right to a twelve-member jury is a purely statutory matter of trial procedure; it is not a fundamental right. *See Judy v. State*, 470 N.E.2d 380, 382 (Ind.Ct.App.1984). Because the right to be tried by a jury of twelve members is not a constitutional right, a defendant's failure to make an express objection to the trial court either personally or through his counsel constitutes a valid waiver of the right. *Holliness*, 467 N.E.2d at 7.

■ Here, the record discloses that Croney understood that he was charged with a Class C felony. The record also discloses that Croney was informed more than once that the jury would number six members. The record further discloses that Croney's attorney stated in open court that he "accepted" the jury. Neither Croney nor his attorney interposed any objection to the six-member jury. In failing to interject such an objection, Croney waived the right to a jury of twelve members.

## II. SUPPRESSION OF HANDGUN

Croney contends that he and Johnson were detained and searched illegally. He further contends that due to this unlawful detainment, the gun retrieved from Simmons should have been suppressed and the guilty verdict vacated.

■ Croney cites to no page in the record which records a motion to suppress or an objection to the admission of the gun into evidence. Furthermore, our review of the record discloses no motion or objection concerning suppression of the gun due to an illegal detainment, search, and/or seizure. Croney's failure to object at trial on the grounds that the gun was the product of an illegal detainment, search, and/or seizure results in waiver of the issue on appeal. *See Morgan v. State*, 427 N.E.2d 1131, 1133 (Ind. Ct.App.1981).

## III. HABITUAL OFFENDER

■ Croney contends that the trial court incorrectly treated his adjudication as an habitual offender as a separate sentence instead of an enhancement. The State concedes that the court erred. Our review of the record discloses that at the sentencing hearing, the trial court correctly denominated the habitual offender sentence as an enhancement. However, the trial court's "Order on Jury Trial and Sentencing" erroneously treats the habitual offender sentence as a separate sentence on a separate count. We remand for the trial court to correct the error. *See Mayo v. State*, 681 N.E.2d 689, 694 (Ind.1997).

## CONCLUSION

Croney waived his statutory right to trial before a twelve-member jury. He also waived his objection to the admission of the gun into evidence. The trial court erred in treating the habitual offender determination as a separate sentence.

Affirmed and remanded with instructions.

RUCKER, J., concurs.

DARDEN, J., dissents with opinion.

## DARDEN, Judge, dissenting

I must respectfully dissent as to Issue I. In *Henderson v. State*, 690 N.E.2d 706 (Ind. 1998), our supreme court clearly resolved the issue of whether a twelve person jury is required when a defendant is charged with a class C felony or higher when it held:

> If a defendant is charged with a class C felony or higher, the jury consists of twelve jurors unless the defendant and prosecuting attorney agree to a lesser number.

*Id.* at 706. In addition, Ind.Code 35–37–1–1(b) provides that if a defendant is charged with "murder, a Class A felony, a Class B felony or a Class C felony, the jury shall consist of twelve (12) qualified jurors unless the defendant and prosecuting attorney agree to a lesser number."

Penal statutes are to be strictly construed to avoid enlarging them by intendment or implication beyond the fair meaning of the language used. *State v. Shelton*, 692 N.E.2d 947, 949 (Ind.Ct.App.1998). Here, the record is devoid of any evidence that the prosecuting attorney and the defendant agreed to a lesser number. In addition, I fail to detect any evidence in the record that would lead me to believe that either party raised or discussed the issue.

Our supreme court was unequivocal in *Henderson:*

> We ... hold that when the State's charging instrument charges the defendant with a class C felony or higher, regardless of whether the charge has been elevated by

virtue of a prior conviction, a twelve person jury is required.

*Id.* at 707.

The majority holds that Croney waived the right to a jury of twelve members; however, according to both our supreme court and the statute, the crucial issue is whether the prosecutor *and* the defendant *agreed* to a lesser number. I further note that the facts of the cases cited by the majority in reaching its waiver result include agreements between the defendant and the prosecutor regarding the number of jurors.

For example, in *Holliness v. State,* 467 N.E.2d 4 (Ind.1984), the trial court asked both defense counsel and the prosecutor if they would accept twelve jurors and forego the selection of an alternate juror. The court explained that if no alternate juror was selected, he would conclude the case with an eleven-member jury in the event one juror became ill. Both attorneys agreed and twelve jurors were selected. At that time, both counsel accepted the twelve member jury. Later, after the jury had begun deliberations, one of the jurors became ill and was taken to the hospital. The court informed both counsel about the juror and ordered the jury to resume deliberations with eleven members.

At that point, Holliness told his counsel that he did not want eleven people deciding his case and that he was entitled to a twelve-member jury. His counsel reminded him that the decision to proceed without an alternate was made before the trial had started. On appeal, our supreme court stated that "under the circumstances of this case, we think the trial court was justified in relying on counsel's express agreement to select only a twelve-member jury and conclude with an eleven-member jury in the event that it became necessary." *Id.* at 7.

Further, in *Judy v. State,* 470 N.E.2d 380 (Ind.Ct.App.1984), Judy's attorney and the prosecutor agreed to trial by a six member jury. On appeal, Judy argued that his express consent to the six member jury was required. We disagreed and found that although "under the statute in question the defendant's consent was necessary to try the case to a six member jury, the consent did not involve a fundamental right. Instead, it was merely a matter of trial procedure and as such was properly consented to by Judy's attorney." *Id.* at 382.

I would reverse the defendant's conviction and remand for a new trial with a twelve person jury, unless the prosecuting attorney and defendant agree to a lesser number.