**Arthur PITTS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 781S188.**

Supreme Court of Indiana.

Sept. 27, 1982.

Ray Warren Robison, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was tried and convicted by a jury of theft and found to be an habitual offender. The trial court granted a new trial limited to the habitual offender question pursuant to appellant's motion to correct errors. The trial court found improper testimony consisting of communications between appellant and a probation officer had been elicited from the probation officer during the trial on the habitual criminal charge. A new trial was held solely on the status issue. Appellant was adjudicated an habitual offender and sentenced to a thirty year term of imprisonment.

■ Appellant claims the trial court erred in denying his motion to reconvene the original jury to consider the habitual criminal count. Appellant argues I.C. § 35–50–2–8(c) [Burns 1979] mandates that the jury hearing the habitual criminal proceeding must be the same panel that determined the underlying felony conviction.

This Court recently addressed this issue in *Funk v. State,* (1981) Ind., 427 N.E.2d 1081, stating at 1088:

"This Court has recently decided this issue in *State v. McMillan,* (1980) Ind., 409 N.E.2d 612. In that case, we conceded the statute does not, by its precise language, suggest anything other than that appellant's proposition is correct. However, we went on to say the statute 'does not preclude a different jury from determining the issue should the first jury fail to reach agreement.' *Id.* at 409 N.E.2d at 617. In so holding we pointed out a retrial on the habitual charge involves an issue of fact easily severed from the issues involved in the trial on the underlying felony, due to the bifurcated nature of the proceeding as a whole. Thus, we hold a new jury is qualified to make the determinations necessary for a finding as to the habitual criminal status.

"In *McMillan, supra,* we specifically held that it is in the public interest that the State be given an opportunity to secure an enhanced penalty should the first attempt result in a deadlocked jury. In the instant case, the mistrial was not the result of a deadlocked jury but for other reasons. We see no reason for a different rule no matter what the cause of the mistrial. We therefore hold there was no error in overruling appellant's objection to being retried on the habitual offender count in front of a new jury impaneled solely for that purpose."

■ Appellant claims the trial court erred by admitting State's exhibits E and K through O. Appellant has failed to present argument or cite authority regarding the admissibility of exhibit E. Therefore, the issue is waived. *Lock v. State,* (1980) Ind., 403 N.E.2d 1360. Ind.R.App.P. 8.3(A)(7).

■ Exhibits K through O were photographic copies of five different fingerprint cards bearing rolled inked fingerprint impressions and the name Arthur Joseph Pitts. Appellant contends the foundations for the admission of exhibits K through O were inadequate and improperly admitted under the business record exception to the

hearsay rule. He bases his allegation of inadequacy on the facts that the FBI fingerprint specialist authenticating the exhibits was not present at the time the fingerprints were taken and the name typed on each card. He also claims no attempt was made to authenticate the signatures on the cards as being those of officials and that the witness was not employed by the FBI at the time all but one of the fingerprint cards were received by the FBI.

The witness testified the exhibits were all received through the ordinary course of business, submitted by requesting agencies. The cards are maintained in the files of the criminal technical section of the identification division of the FBI. Each card contained the date and signature of the official who took the fingerprints and the name and address of the contributing agency.

In *Morris v. State,* (1980) Ind., 406 N.E.2d 1187, this Court held that the sponsor of an exhibit does not have to have personally made it, filed it or had firsthand knowledge of the transaction represented by it. The witness must only show the exhibit is part of the records kept in the routine course of business and placed in the record by an authorized agent, having personal knowledge of the transaction represented at the time of entry. *Morris, supra.* The trial court properly determined a sufficient foundation for the exhibits had been established under the business record exception to the hearsay rule.

The trial court is in all things affirmed.

All Justices concur.