Robert **DYER**, Appellant,

v.

**STATE of Indiana, Appellee.**

**No. 982 S 328.**

Supreme Court of Indiana.

March 19, 1984.

Priscilla L. Seaborg, Stephen Ross Galvin, Monroe County Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Dyer was convicted of theft, a class D felony, for stealing a microwave oven and watch from a residence. The charge included a habitual offender count. The trial was bifurcated and both segments were conducted before a six person jury. He was found guilty of theft and determined to be a habitual offender. He received an initial sentence of four years for the theft, which was then enhanced by an additional thirty years upon the habitual offender verdict.

Prior to the commencement of the trial, defense counsel requested a twelve person jury for the guilt and habitual offender phases of the trial. The trial judge denied the motion. The claim on appeal is that this ruling contravened the governing statutory law.

■ The right to have a jury act as the trier of fact at a felony sentencing hearing at which the habitual offender status of the defendant is in issue exists by virtue of our statutory law. *Williams v. State*, (1979) 271 Ind. 656, 395 N.E.2d 239. The composition of such a jury to function in that capacity is a matter appropriate for determination by statute. Our statute relative to the matter, Ind.Code § 35–50–2–8, provides that where the defendant "was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing...." The statute is silent on the subject of jury composition. If any preference is there, it is that the jury acting in the sentencing hearing should have the same number as the jury which determined guilt. This silence is an invitation to look outside the statute to resolve the legal question raised by appellant's request that twelve persons be seated on the jury at his sentencing hearing.

■ The statute establishing and defining the substantive criminal offense of theft, the offense with which appellant was charged, designates that offense as a class D felony, but does not require a jury of any particular number. Ind.Code § 35–43–4–2. The statute setting the penalty upon conviction of a class D felony does not address the question. Ind.Code § 35–50–2–7. The briefs suggest that Ind.Code § 35–1–30–1, applicable at the time the trial court ruled, [since repealed; present statute at Ind. Code § 35–37–1–1] may be pertinent. It provided:

"The trial jury used in civil cases shall act also in criminal cases, but must in criminal cases consist of:

(1) Twelve [12] qualified jurors in a felony case other than a Class D Felony case; or

(2) Six [6] qualified jurors in a Class D Felony, misdemeanor, infraction, or ordinance violation case."

This statute does appear to be one dealing specifically with the composition of juries acting in criminal cases. It appears to address the question of how many jurors should be seated on the *trial jury* in every category of criminal case. It provides for a jury of six in trials of cases consisting of class D felonies, misdemeanors, infractions or ordinance violations, and a jury of twelve in trials of all other felony cases. Appellant's case consists of a charge of theft, which is an offense designated by the theft statute as a class D felony, and therefore it would seem to be in accord with this statute to require his trial jury to consist of six persons. This is what the trial judge did in overruling appellant's request. And since this is the only statute dealing with the numerical composition of juries in criminal cases, and since the habitual offender statute is silent on the subject, while appearing to favor the practical view of using the same number of jurors that served on the jury determining guilt, a tentative conclusion is warranted that the trial judge was correct in setting the number of jurors at six.

Appellant asserts nevertheless that his entitlement to a twelve person jury is evidenced by these statutes and calls our attention to what he perceives as a line of demarcation in Ind.Code § 35–1–30–1 between class D and class C felonies which serves to separate those cases requiring six person juries from those requiring twelve person juries. He argues that the Legislature set this line because the penalties provided for class D felonies, misdemeanors, and infractions are less severe and that when such lesser penalties are sought to be grossly enhanced by an appended habitual offender count, the courts should construe this statute as inapplicable and apply the requirement of a jury sentencing hearing in the habitual offender statute so as to require a twelve person jury, or courts could construe this statute as requiring a twelve person jury when a habitual offender count is to be tried. Either of these suggested avenues to the result desired by appellant is less direct and more artificial than the one followed in the first part of this opinion. Appellant's contentions regarding the basis for the classification in the statute are, generally speaking, true, but not wholly determinative of the question presented. The Court is reluctant to indulge in the belief that the Legislature in classifying criminal cases for jury protection purposes considered the class D felony sentencing statute, but ignored the habitual offender sentencing statute which is also expressly available for enhancing the standard class D felony sentence. *Cf. Pitts v. State*, (1982) Ind., 439 N.E.2d 1140. Both relate to potential penal consequences. The Court is likewise not persuaded that the classification in Ind.Code § 35–1–30–1 is based simply upon the area of penal consequences. It is more likely that the predicate for it is multifaceted, and includes considerations of policy going to penal consequences *and* the harm-level of the criminal acts involved, *and* the various sources of bias, arbitrariness and negligence from which a jury can insulate the defendant in the sentencing process *and* the overall need of the criminal justice system to conserve resources. To require a twelve person jury in all habitual offender sentencing hearings as appellant would have it, would be to remold the statutes by judicial construction upon an uncertain basis and in an area which is uniquely of legislative origination. Bearing these matters in mind, we hold the six person jury provided that level of protection for appellant at the habitual offender phase of his trial contemplated in the statutory law governing the numerical composition of such juries at the time.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.