**Michael L. JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A05–9410–CR–403.**

Court of Appeals of Indiana.

July 31, 1995.

Transfer Denied Sept. 20, 1995.

---

James F. Stanton, Superior Court of Lake County, Appellate Div., Crown Point, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RUCKER, Judge.

■ Is a defendant entitled to a twelve-person jury when he is charged with auto theft which has been enhanced to a Class C felony based on a prior conviction for the same offense? We think not and therefore affirm.

The essential facts are these. In the early morning hours of October 25, 1993, Nicholas Morales reported to police that his 1987 Pontiac Grand Am was missing from in front of his East Chicago, Indiana home. A few hours later Officer Jerome Sliz of the Gary Police Department observed Michael L. Johnson in the driver's seat of the car. The steering column had been stripped and there were no keys in the ignition. Johnson was arrested and charged with auto theft which is ordinarily a Class D felony carrying a presumptive sentence of one-and-one-half years. However, the State sought to have Johnson sentenced to an enhanced penalty because Johnson had been previously convicted of auto theft. The State also charged Johnson as an habitual offender based upon his prior auto theft conviction and a prior conviction for escape.

Over Johnson's timely objection the case proceeded to trial before a six-person jury. The trial was bifurcated. During the first phase, the State introduced evidence concerning the theft of the 1987 Pontiac Grand Am. The State then rested. Johnson took the stand in his own defense and during cross-examination the State elicited testimony of Johnson's prior auto theft conviction. The jury returned a verdict of guilty. During the second phase, the State introduced evidence concerning Johnson's prior conviction for escape, and Johnson's prior auto theft conviction. The jury returned a verdict finding Johnson to be an habitual offender. The trial court sentenced Johnson to the presumptive term of four years for auto theft as a Class C felony which was enhanced by twelve years for the habitual offender adjudication. This appeal ensued in due course.

Johnson contends he was entitled to a twelve-person jury because he was charged with and convicted of a Class C felony. In support he relies on the Sixth Amendment to the United States Constitution, and Article 1, Sections 13 and 19 of the Indiana Constitution which guarantees the right of a defendant to trial by jury. Johnson also relies on Ind.Code § 35–37–1–1 which dictates in relevant part "[i]f a defendant is charged with: ... a class C felony, the jury shall consist of twelve (12) qualified jurors...."

We first observe that although a defendant charged with a felony has a constitutional right to a trial by jury, there is nothing in the United States Constitution nor in the Indiana Constitution guaranteeing the defendant a right to trial by a twelve-person jury. *O'Brien v. State* (1981) Ind.App., 422 N.E.2d 1266; *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Rather, a determination of the number of jurors is largely relegated to the Legislature. "To be sure, the number should probably be large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representative cross-section of the community." *Williams*, 399 U.S. at 100, 90 S.Ct. at 1906. However, there is no reason to think these goals are less likely to be achieved when the jury numbers six rather than when it numbers twelve. *Id.* Our Legislature has determined that Class D felonies shall be tried by six-person juries and this determination has passed constitutional muster. *O'Brien*, 422 N.E.2d 1266; *Matter of Public Law No. 305 and Public Law No. 309* (1975), 263 Ind. 506, 334 N.E.2d 659.

Indiana Code § 35–43–4–2.5 provides in part:

A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of: ... [t]he vehicles's value or use ... commits auto theft, a Class D felony. However, the offense is a Class C felony if the person has a prior conviction of an offense under this subsection....

On its face, Johnson's contention that he was charged with a Class C felony appears to be accurate. However, this contention is somewhat misleading. Johnson was actually charged with auto theft absent any designation of the class of felony, which the State sought to enhance because of Johnson's prior conviction for the same offense. Specifically, Count I of the charging information was set forth in two pages. Page one alleged in relevant part:

AFFIANT, upon oath, says that on or about OCTOBER 25, 1993, in the County of Lake, State of Indiana, MICHAEL L. JOHNSON a/k/a MICHAEL L. RAGS a/k/a MICHAEL L. WILLIAMS did knowingly or intentionally exert unauthorized control over the motor vehicle of NICHOLAS MORALES with intent to deprive NICHOLAS MORALES of the vehicle's value or use, contrary to I.C. 35–43–4–2.5 and against the peace and dignity of the State of Indiana.

*Record* at 5. In accordance with Ind.Code § 35–34–1–2.5 [1] the State alleged on a page separate from the rest of the charging information that Johnson had been previously convicted of auto theft. Specifically, page two alleged in relevant part:

AFFIANT, upon oath, says that on or about OCTOBER 25, 1993, in the County of Lake, State of Indiana, MICHAEL L. JOHNSON a/k/a MICHAEL L. RAGS a/k/a MICHAEL L. WILLIAMS had been convicted of the felony of AUTO THEFT, a Class D Felony, on August 8, 1991, in the Superior Court of Lake County, Criminal Division, Lake County, Indiana, in Cause No. 45G04–9105–CF–00109, contrary to I.C. 35–43–4–2.5 and against the peace and dignity of the State of Indiana.

*Record* at 6.

Consistent with our Supreme Court's decision in *Shelton v. State* (1992), Ind., 602 N.E.2d 1017, Johnson's trial was bifurcated. In the first phase of trial, the guilt phase, the trial court charged the jury by reading relevant jury instructions including page one only of the charging information. The trial court made no reference to theft as a Class C felony. In fact the trial court made no reference to the class of felony at all. Rather, the jury was charged with the responsibility of determining whether Johnson knowingly or intentionally exerted unauthorized control over the motor vehicle of another person, with the intent to deprive the owner of the vehicle's value and use. I.C. § 35–42–4–2.5.

---

1. I.C. 35–34–1–2.5 dictates: "[i]f the penalty for an offense is, by the terms of the statute, increased because the person was previously convicted of the offense, the state may seek to have the person sentenced to receive the increased penalty by alleging, on a page separate from the rest of the charging instrument, that the person was previously convicted of the offense."

In essence, although not advised as such, the jury was actually required to determine whether Johnson was guilty of auto theft as a Class D felony. The State presented evidence of the instant offense and then rested. It is true that evidence of Johnson's prior conviction for auto theft was revealed to the jury during the State's cross-examination of Johnson. However, the evidence was not introduced to support the enhanced charge. Rather, the evidence was introduced to impeach Johnson's credibility. *See Fassoth v. State* (1988), Ind., 525 N.E.2d 318 (on cross examination defendant may be impeached by evidence of prior conviction of crime involving dishonesty); *See also* Ind.Evidence Rule 609(a). In its final instructions after the guilt phase of the trial concluded, the trial court specifically admonished the jury that evidence of Johnson's prior conviction was admissible "for purposes of impeachment and as it may affect his credibility and for no other purpose." *Record* at 35. Hence, the guilt phase of this bifurcated proceeding accomplished its critical and essential purpose, namely, to insure that consideration of Johnson's prior conviction was removed from the jury's guilt/innocence determination on the predicate offense. *See Shelton*, 602 N.E.2d at 1019.

Once the jury returned its verdict of guilty on the predicate offense,[2] the second phase of trial began. It was during this phase that the State introduced in its case-in-chief evidence of Johnson's prior auto theft conviction as well as Johnson's conviction for escape. In essence, the habitual offender determination and the charge enhancement on the theft offense were conducted in the same phase of the trial. Again, however, when charging the jury the trial court did not mention theft as a Class C felony. Nor did the trial court read to the jury page two, Count I of the charging information. Rath-

er, once the jury returned its verdict finding Johnson to be an habitual offender, the trial court thereafter sentenced Johnson for theft as a Class C felony. The proof necessary to enhance the predicate offense was obviously established by virtue of the habitual offender finding.

It is clear that Johnson was not entitled to a trifurcated proceeding, that is, (1) a guilt/innocence determination on the auto theft charge; (2) the determination of whether the auto theft conviction should be elevated to a higher class felony; and (3) the determination of whether Johnson was an habitual offender. That question was squarely confronted and put to rest in *Shelton*, 602 N.E.2d 1017. It is equally clear that had Johnson been charged with auto theft absent the enhancement, along with being an habitual offender, then a six-person jury would have heard evidence in the guilt/innocence phase of trial as well as the habitual offender phase of trial. *Dyer v. State* (1984), Ind., 460 N.E.2d 511. Characterizing the information here as a Class C felony charge thereby triggering the statutory right to a twelve-person jury, ignores the reality of what actually happened in this case. Namely, the facts necessary to elevate theft to a Class C felony were not presented to the jury in the State's case-in-chief during the guilt/innocence phase of trial.[3] In sum, for all practical purposes Johnson was charged with a Class D felony which was enhanced because of a prior conviction. Under the circumstances Johnson was not entitled to a twelve-person jury. We find no error.

Judgment affirmed.

BARTEAU and RILEY, JJ., concur.

---

**2.** Omitting caption and formal parts the verdict read "WE, THE JURY, find the Defendant, MICHAEL L. JOHNSON, guilty of AUTO THEFT." *Record* at 41.

**3.** That the State did not introduce and was prohibited from introducing evidence of Johnson's prior offense in the guilt/innocence phase of trial, obviously distinguishes this case from those in which a fact necessary to elevate the offense to a higher class felony is an element of the offense

itself. *See, e.g., Peek v. State* (1983), Ind.App., 454 N.E.2d 450 (State must allege and prove serious bodily injury, a fact necessary to elevate battery from a Class A misdemeanor to a Class C felony); *Brown v. State* (1991), Ind.App., 580 N.E.2d 329 (defendant properly found guilty of burglary as a Class B felony because State introduced sufficient evidence to show that building was a "dwelling," an element necessary to elevate offense from a Class C felony).