Daniel L. HENDERSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A04–9608–CR–329.

Court of Appeals of Indiana.

Nov. 7, 1997.

Transfer Granted Jan. 6, 1998.

Anthony V. Luber, South Bend, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant–Defendant, Daniel Henderson ("Henderson"), appeals his convictions for Carrying a Handgun Without a License[1] and Carrying a Handgun Without a License With a Prior Felony Conviction.[2] We reverse and remand for a new trial.

### Issues

Henderson raises four issues on appeal which we restate as follows:

I. Whether Henderson was entitled to a trial by jury with twelve jurors instead of six;

II. Whether the trial court properly instructed the jury when it stated they should attempt to fit the evidence to the theory that every witness is telling the truth;

III. Whether there was sufficient evidence to support the jury verdict of guilty on the charge of carrying a handgun without a license; and,

IV. Whether being sentenced for both a class A misdemeanor and for a class C felony based on the same alleged act of carrying a handgun violates the double jeopardy provision of the Indiana Constitution.

### Facts and Procedural History

The facts most favorable to the convictions indicate that on October 26, 1995, Henderson accompanied his grandmother and cousin to a hardware store in South Bend. As all three entered the store, a passing delivery-man saw two black males and one black female outside the store and saw the shorter male, presumably Henderson, take a shiny revolver from his pocket and put it in a waist holder. Believing a robbery was imminent, the deliveryman had his dispatcher notify police. Upon leaving the store, Henderson's grandmother realized that she had forgotten to purchase a can of oil and she and Henderson's cousin reentered the store.

Henderson returned to the car and waited in the back seat on the driver's side. South Bend police officers Gary Reynolds ("Reynolds"), Derek Dieter ("Dieter"), Darrell Grabner ("Grabner") and David Highway responded to the report of a possible robbery at the hardware store. Upon arrival, the officers saw Henderson sitting alone in the back seat of the car. As officers Dieter, Grabner and Reynolds approached the car, Henderson leaned back in the seat, reached with his right hand down toward his waist, then moved his hand back up and placed an object to the side of his leg. As the officers moved closer, they saw a gun on the seat next to Henderson's leg. After Henderson was taken out of the car, officer Reynolds advised Henderson of his rights and then asked him if he had a permit for the gun. Henderson replied, "No, m_____ f_____, you carry a gun, why can't I?". (R.255).

Henderson was tried by a six-person jury in a bifurcated trial. During the first phase of the trial, the jury convicted Henderson of the misdemeanor charge of Carrying a Handgun Without a License. To that point, there was no mention of Henderson's prior felony conviction nor of the second count charged in the information. Following the

---

1. Ind.Code § 35–47–2–1.

2. Ind.Code § 35–47–2–23.

jury's guilty verdict on count one, the trial court informed the jury in its preliminary instruction number two that Henderson was also charged with Carrying a Handgun Without a License With a Prior Felony Conviction, a class C felony. The jury then heard evidence concerning Henderson's prior felony conviction and found him guilty on count two. The trial court entered judgment of conviction on both counts and Henderson was sentenced to concurrent one year and five year terms.

### Discussion and Decision

#### I. Right to Jury of Twelve

Henderson argues that he was entitled to a twelve-member jury because he was charged with carrying a handgun as a class C felony. We agree.

■ Initially, we note that although a defendant charged with a felony has a constitutional right to a trial by jury, there is nothing in the United States Constitution nor in the Indiana Constitution guaranteeing the defendant a right to trial by a twelve-person jury. *O'Brien v. State*, 422 N.E.2d 1266, 1270 (Ind.Ct.App.1981). Instead, the Legislature is responsible for determining the proper number of jurors. Our legislature has determined that if a defendant is *charged* with:

(1) murder, a Class A felony, a Class B felony or a Class C felony, the jury shall consist of twelve (12) qualified jurors unless the defendant and prosecuting attorney agree to a lesser number; or

(2) any other crime, the jury shall consist of six (6) qualified jurors.

Ind.Code § 35–37–1–1(b). The interpretation of a statute is a question of law to be decided by this court. *Joseph v. Lake Ridge School Corp.*, 580 N.E.2d 316, 319 (Ind.Ct. App.1991), *trans. denied.* However, we may

not interpret statutes which are clear and unambiguous on their face. *Matter of Grissom*, 587 N.E.2d 114, 116 (Ind.1992). "A statute which is clear and unambiguous must be given its apparent or obvious meaning." *Id.*

■ The State asserts that the trial court's decision to try Henderson by a six-member jury is fully consistent with this Court's decision in *Johnson v. State*, 654 N.E.2d 20 (Ind.Ct.App.1995), *trans. denied.* In *Johnson*, the State charged the defendant with auto theft, a class D felony.[3] The State also alleged on a piece of paper separate from the rest of the charging instrument that Johnson had a prior conviction for the same offense in order to enhance the charge to a class C felony under Ind.Code § 35–34–1–2.5.[4] Johnson's trial was bifurcated and he was found guilty in both phases of the trial. Once the jury returned its verdict, the trial court sentenced Johnson for theft as a class C felony. On appeal, Johnson argued that he was entitled to a twelve-member jury. A panel of this Court disagreed, stating:

[O]n its face, Johnson's contention that he was charged with a Class C felony appears to be accurate. However, this contention is somewhat misleading. Johnson was actually charged with auto theft absent any designation of the class of felony, which the State sought to enhance because of Johnson's prior conviction for the same offense.

*Johnson*, 654 N.E.2d at 22.

Henderson argues that the *Johnson* case created an impermissible exception to the "obvious meaning" rule mentioned above. He further asserts that he was deprived of his statutory right to a twelve person jury guaranteed by Ind.Code § 35–37–1–1(b). We agree.

---

**3.** Ind.Code § 35–43–4–2.5 provides in pertinent part: "A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with the intent to deprive the owner of ... [t]he vehicle's value or use ... commits auto theft, a Class D felony. However, the offense is a class C felony if the person has a prior conviction of an offense under this subsection ...".

**4.** Ind.Code § 35–34–1–2.5 provides: "If the penalty for an offense is, by the terms of the statute, increased because the person was previously convicted of the offense, the state may seek to have the person sentenced to receive the increased penalty by alleging, on a page separate from the rest of the charging instrument, that the person was previously convicted of the offense."

The record reveals that Henderson was charged in Count I with Carrying a Handgun Without a License in violation of Ind.Code § 35–47–2–1, a class A misdemeanor. This misdemeanor charge was actually a lesser included offense of the class C felony. Thus, Henderson should only have been charged with the class C felony. In Count II, Henderson was charged with the class C felony of Carrying a Handgun Without a License With a Prior Felony Conviction under Ind.Code § 35–47–2–23(c)(2)(B), which states in relevant part:

[a] person who violates section 1 of this chapter commits a Class A misdemeanor. However, the offense *is a Class C felony:*

(2) if the person:

(B) has been convicted of a felony within fifteen (15) years before the date of the offense.

(Emphasis added).

The language employed by the legislature in Ind.Code § 35–47–2–23 is clear and unambiguous on its face. Therefore, we are bound to apply this statute in accordance with its plain meaning and may not remold it by judicial construction. The record reveals that Henderson was charged with a class C felony. Thus, under Ind.Code § 35–37–1–1(b), Henderson was entitled to a twelve-member jury. To find otherwise would be contrary to the obvious meaning of the statute. Accordingly, we reverse and remand for a new trial.

We now turn to the remainder of Henderson's arguments which, if not disposed of, would likely be raised in a new trial.

### II. *Jury Instruction*

■ Henderson next asserts that the trial court gave an improper witness credibility instruction. The challenged instruction reads:

You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in this case.

*You should attempt to fit the evidence to the presumption that the Defendant is innocent and the theory that every witness is telling the truth.* You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony you must determine which of the witnesses you will believe and which of them you will disbelieve.

In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day to day living. The number of witnesses who testify to a particular fact, or the quantity of evidence on a particular point need not control your determination of the truth. You should give the greatest weight to that evidence which convinces you most strongly of its truthfulness.

(R. 58, 71, 104) (emphasis added). Henderson objected to that part of the instruction emphasized above which directed the jury to attempt to presume each witness told the truth. Henderson argues that such an instruction is particularly harmful to criminal defendants who choose not to testify or put on evidence in that it suggests the jury should consider the State's witnesses as truthful, thereby invading the jury's province as the exclusive judge of credibility. We disagree.

The instruction at issue here, which is the pattern jury instruction on judging credibility, is a correct statement of the law and has been explicitly approved by this Court, as well as our supreme court. *See Holmes v. State,* 671 N.E.2d 841, 858 (Ind.1996); *Sweany v. State,* 607 N.E.2d 387, 389 (Ind. 1993); *Jenkins v. State,* 677 N.E.2d 624, 628 (Ind.Ct.App.1997). We find no defect in the instruction which was given.

### III. Sufficiency of Evidence

■ Henderson asserts that there was insufficient evidence to support his conviction. We must address this issue because double jeopardy attaches, and retrial is barred, if insufficient evidence was presented.

■ "A claim of insufficient evidence will prevail only if, upon consideration of the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt." *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997). Thus, if there is substantial evidence of probative value to support the conclusion that the defendant is guilty beyond a reasonable doubt, we will affirm the conviction. *Baran v. State*, 639 N.E.2d 642, 646–47 (Ind.1994).

■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution guarantees that a defendant may not receive multiple punishments for the same offense, may not be retried for an offense once acquitted and may not be retried for an offense once convicted. *Redman v. State*, 679 N.E.2d 927, 928 (Ind.Ct.App. 1997), *trans. denied.* Similarly, article I, section 14 of the Indiana Constitution has been interpreted as prohibiting successive prosecutions and multiple punishments for the same offense. *Schrefler v. State*, 660 N.E.2d 585, 587 (Ind.Ct.App.1996). In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Supreme Court pointed out the difference between a reversal for sufficiency and a reversal for procedural error. When it comes to trial error, the reversal says nothing about the innocence or guilt of the defendant. Additionally, while reversal for insufficiency says that the government has failed to prove its case, reversal for trial error does not. *Id.* at 15–16, 98 S.Ct. at 2149–50. Thus, double jeopardy bars retrial in cases of reversal for insufficient evidence, but it does not bar retrial in cases of reversal for trial error. *Warner v. State*, 579 N.E.2d 1307, 1311 (Ind.1991) (citing *Burks*, 437 U.S. at 14–15, 98 S.Ct. at 2148–49.)

Indiana Code Section 35–47–2–1 states in pertinent part that, "a person shall not carry a handgun in any vehicle or on or about his person ... without a license issued under this chapter being in his possession." The record reflects that during trial, the State presented evidence that Henderson was sitting in the back seat of a car when officers approached him. As the officers moved closer, they observed Henderson remove something from his pants and place the object next to him in the car. Upon further inspection, the officers determined that the object was a gun. When questioned if he had a permit for the gun, Henderson replied, "No, m_____ f_____, you carry a gun, why can't I?" (R. 255). Accordingly, there was sufficient evidence to support Henderson's conviction of Carrying a Handgun Without a License and double jeopardy concerns do not preclude Henderson from being retried for this offense.

### IV. Double Jeopardy

■ Next, Henderson alleges error in that he was sentenced for both a class A misdemeanor and for a class C felony based on the same alleged act of carrying a handgun without a license. We agree.

■ Article 1, section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Additionally, as mentioned above, our supreme court stated in *Redman* that the double jeopardy prohibition protects defendants from multiple punishment for the same offense. "Where the conviction of the greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one." *Boze v. State*, 514 N.E.2d 275, 277 (Ind.1987).

The record reveals that there were two orders issued by the trial court regarding Henderson's conviction. The first order shows Henderson was convicted and sentenced on only the greater offense, Carrying a Handgun Without a License With a Prior Felony Conviction, a class C felony. The second order included a conviction and sentence on both the lesser included offense of

Carrying a Handgun Without a License, a class A misdemeanor, and for the greater offense, a class C felony. Henderson correctly asserts that punishment for both offenses violates the double jeopardy prohibition. Accordingly, if on retrial Henderson is found guilty of both offenses, the trial court may not impose a sentence on the lesser included offense.

Reversed and remanded for a new trial.

RILEY and BARTEAU, JJ., concur.