**Daniel L. HENDERSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 71S04–9801–CR–8.

Supreme Court of Indiana.

Jan. 22, 1998.

Anthony V. Luber, South Bend, for Appellant.

Jeffrey A. Modisett, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

PER CURIAM.

Appellant was charged with carrying a handgun without a license in violation of Ind.Code § 35–47–2–1 (1993). Violation of this provision is generally a Class A misdemeanor, but is a Class C felony if the defendant has a qualifying prior felony conviction. Ind.Code § 35–47–2–23(c)(2) (Supp.1997). The State charged Appellant by information with Count One—Carrying a Handgun without a License, a Class A misdemeanor, and with Count Two—Carrying a Handgun without a License with a Prior Felony Conviction, a Class C felony. The Appellant was tried before a six-person jury in a bifurcated proceeding. During the first phase, the jury convicted Appellant on Count One. During the second phase, the jury heard evidence concerning Appellant's prior felony conviction and found him guilty on Count Two. The trial court entered judgment of conviction on both counts and sentenced Appellant to concurrent terms of one year on Count One and five years on Count Two.

If a defendant is charged with a Class C felony or higher, the jury consists of twelve jurors unless the defendant and prosecuting attorney agree to a lesser number. If the defendant is charged with any other crime, the jury consists of six jurors. Ind.Code § 35–37–1–1(b) (1993). Appellant argues that he was entitled to a twelve-person jury. The Court of Appeals agreed, reversed and remanded for a new trial. *See Henderson v. State*, 686 N.E.2d 911 (Ind.Ct.App.1997). We grant transfer to resolve the conflict between the Court of Appeals' position in this case and its earlier opinion in *Johnson v. State*, 654 N.E.2d 20 (Ind.Ct.App.1995), *trans. denied.*

In *Johnson*, the defendant had been charged with auto theft, which is generally a Class D felony but is a Class C felony if the defendant has a prior conviction for auto theft or receiving stolen auto parts. *See* Ind.Code § 35–43–4–2.5(b) (1993). During

the first phase of the bifurcated trial, the judge made no reference to the class of the felony charged and evidence of the defendant's prior conviction was admitted only for the purpose of impeachment. *See Johnson,* 654 N.E.2d at 22–23. After a six-person jury found the defendant guilty of auto theft, the second phase of the trial began and the prosecuting attorney introduced evidence of the defendant's two prior felony convictions, one of which was for auto theft. The jury found the defendant to be an habitual offender, which necessarily included a finding that the defendant had a prior auto theft conviction. The trial court then sentenced the defendant to a term of four years for auto theft as a Class C felony, further enhanced by twelve years for the habitual offender adjudication. *Id.* at 21, 23. The Court of Appeals affirmed, holding that the defendant was not entitled to a twelve-person jury. *Id.* at 23. We denied the defendant's petition to transfer.

Upon review of the Court of Appeals' opinion in this case, we now disapprove the *Johnson* analysis. We find that Appellant was charged with a Class C felony, even though it would have been a less serious offense without a prior conviction, and hold that Appellant was entitled to be tried by a twelve-person jury.

We therefore grant transfer and hold that when the State's charging instrument charges the defendant with a Class C felony or higher, regardless of whether the charge has been elevated by virtue of a prior conviction, a twelve-person jury is required. We summarily affirm the Court of Appeals in all other respects. *See* Appellate Rule 11(B)(3).

All Justices concur.