Timothy J. LAMB, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9712–CR–847.

Court of Appeals of Indiana.

Sept. 2, 1998.

Transfer Denied Nov. 4, 1998.

Patrick J. Cunningham, Jr., Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James A. Garrard, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

In this interlocutory appeal from the denial of his second motion to dismiss, Timothy Lamb ("Lamb") argues that the State's prosecution of him is untimely brought.

On December 31, 1996, the State filed a one-page information alleging that on October 21, 1994, Lamb committed the crime of dealing in marijuana with a prior conviction, a class D felony. On July 7, 1997, Lamb was arrested for that offense. Approximately one month later, Lamb filed his first motion to dismiss the information. In that motion, he argued that the information was defective because the State failed to put the "dealing in marijuana" allegation on a separate page from the "with a prior conviction" allegation. The court granted Lamb's motion to dismiss the information.

■ Thereafter, the State requested and was granted leave to file an amended information. The amended information, filed September 17, 1997, charged Lamb on one page with count I(a): dealing in marijuana, a class A misdemeanor, and on a separate page with count I(b): dealing in marijuana with a prior conviction, a class D felony. On October 17, 1997, Lamb filed his second motion to dismiss in which he asserted that dealing in marijuana, a class D felony, "is not a prosecution, but an enhancement" of the underlying class A misdemeanor dealing charge. Record at 23. As such, Indiana Code Section 35–41–4–2's two-year misdemeanor statute of limitations should apply. Lamb contended to the trial judge, and continues to argue on appeal, that because the State cannot meet its burden of establishing that the "underlying" misdemeanor dealing was committed within the two-year statute of limitations, the State should be barred from prosecuting him for either count I(a) or count I(b).

Lamb's case requires us to examine the interplay between methods of charging defendants and periods of limitations. Several years ago, our supreme court was faced with what was then an issue of first impression: what is the proper way to draft an informa-

tion which uses a defendant's prior conviction to increase the penalty? The justices responded by holding that:

> the principles made applicable to our habitual criminal charge by *Lawrence* [*v. State*, 259 Ind. 306, 286 N.E.2d 830 (1972) ] are also to apply to all criminal charges which allege, pursuant to IND.CODE § 35–48–4–10(iii) [now IND.CODE § 35–48–4–10(b)(1)(C) ], that a person has been previously convicted of an offense involving marijuana or hashish. Specifically, the charging Information must be drawn in a similar fashion to that dictated in *Lawrence* and IND.CODE § 35–50–2–8. It must be drafted so that any allegations of any prior convictions must be on a separate page from the allegations for a foundation charge. The case must then be presented to the jury without any unjustified indication to them by the State that the defendant has been previously convicted. Of course, the State will always be justified in using evidence of a defendant's prior conviction for impeachment purposes or to refute a defendant's claim to good character. Accordingly, a bifurcated trial is required as it is the best procedure to insure that the jury remains uninformed about a defendant's prior convictions until the appropriate time. *The determination of whether or not a drug dealing charge should be aggravated according to IND. CODE § 35–48–4–10(iii), therefore must be made only if and after a conviction is rendered on the foundation charge.*

*Sweet v. State*, 439 N.E.2d 1144, 1147 (Ind. 1982) (emphasis added).

The reason behind the *Lawrence* rule, and in turn the *Sweet* rule, was to protect a defendant from the prejudice that could arise in jurors' minds if they had knowledge of a defendant's prior convictions while they were determining his guilt or innocence of the foundation offense. *Sweet*, 439 N.E.2d at 1146–47. In keeping with *Sweet*, the following statute was codified and became effective in February of 1984: "If the penalty for an offense is, by the terms of the statute, increased because the person was previously convicted of the offense, the state may seek to have the person sentenced to receive the increased penalty by alleging, on a page separate from the rest of the charging instrument, that the person was previously convicted of the offense." IND.CODE § 35–34–1–2.5.

Attempting to follow *Sweet* and Indiana Code Section 35–34–1–2.5, the trial court granted Lamb's first motion to dismiss and the State amended its information to put the prior conviction allegation on a separate page from the dealing allegation. However, because the information was filed long after the offense was committed,[1] the State's effort to comply with *Sweet* and Indiana Code Section 35–34–1–2.5 in its amended two-part information set up a potential statute of limitations problem.

■■■ Indiana Code Section 35–41–4–2(a) provides that: "a prosecution for an offense is barred unless it is commenced: (1) within five (5) years after the commission of a Class B, Class C, or Class D felony; or (2) within two (2) years after the commission of a misdemeanor." "It is the State's burden to establish that the crime charged was committed within the statute of limitations." *Atkins v. State*, 437 N.E.2d 114, 117 (Ind.Ct.App. 1982), *cert. denied*, 462 U.S. 1109, 103 S.Ct. 2460, 77 L.Ed.2d 1337 (1983); *Ulmer v. State*, 14 Ind. 52, 55 (1860) (determining that a defendant might avail himself of the statute of limitations without pleading it). A violation of the statutory limitations period constitutes fundamental error. *Smith v. State*, 678 N.E.2d 1152, 1154 (Ind.Ct.App.1997), *trans. denied.*

Lamb contends that because the information was filed after the two-year misdemeanor limitations period but before the expiration of the five-year felony limitations period, the State is barred from prosecuting him for misdemeanor dealing. According to Lamb, it then follows that because it would be fundamental error for Lamb to be convicted of misdemeanor dealing when the misdemeanor period of limitation has already run, the question of "with a prior conviction" never arises. That is, without the possibility for

---

1. We note that this issue will not arise often since generally an information is filed shortly after an offense is committed and well within the misdemeanor limitations period.

conviction of misdemeanor dealing, a conviction of felony dealing is unattainable.

We agree with part of Lamb's logic. We agree that the State is barred from convicting him of misdemeanor dealing because the period of limitations ran prior to the filing of either the original or the amended information. However, we do not agree that a prosecution for class D felony dealing is necessarily barred.

The statute of limitations period represents a pervasive legislative judgment that it is unjust to fail to put a person on notice to defend within a specified period of time. *Scott v. State,* 461 N.E.2d 141, 144 (Ind.Ct. App.1984). Therefore, justice requires that exposure to criminal prosecution be limited to a fixed period of time following the occurrence of those acts which the legislature has decided to punish by criminal sanctions. *Id.* By virtue of both the original information and the amended information, Lamb was put on notice within five years of the commission of the offense that the State was charging him with felony dealing. Since Lamb could prepare to defend against the accusation of dealing in marijuana with a prior conviction, the period of limitation's goals of justice and fairness were met.

Moreover, while not addressing the particular issue presented today, a recent supreme court case bolsters our conclusion. *See Henderson v. State,* 690 N.E.2d 706 (Ind. 1998). In *Henderson,* our supreme court found that a defendant was "charged with a Class C felony, even though it would have been a less serious offense [a class A misdemeanor] without a prior conviction," and held that the defendant "was entitled to be tried by a twelve-person jury." *Id.* at 707. The court further held that "when the State's charging instrument charges the defendant with a Class C felony or higher, regardless of whether the charge has been elevated by virtue of a prior conviction, a twelve-person jury is required." *Id.*

The dealing statute at issue in Lamb's case provides:

(a) a person who:
  (1) knowingly or intentionally:
    (A) manufactures;
    (B) finances the manufacture of;
    (C) delivers; or
    (D) finances the delivery of;
  marijuana, . . .; or
  (2) possesses, with intent to:
    (A) manufacture;
    (B) finance the manufacture of;
    (C) deliver; or
    (D) finance the delivery of;
  marijuana, . . .
commits dealing in marijuana . . ., a Class A misdemeanor, except as provided in subsection (b).

(b) *The offense is:*
  (1) *a Class D felony if:* . . .
    (C) *the person has a prior conviction of an offense involving marijuana* [.]

IND.CODE § 35–48–4–10 (emphases added). Thus, like Henderson, Lamb was charged with a felony, even though it would have been a less serious offense, a class A misdemeanor, without a prior conviction. Because Lamb was charged with class D felony dealing, regardless of whether the charge was elevated by virtue of a prior conviction, Indiana Code Section 35–41–4–2(a)'s five-year period of limitation applies.

In summary, from the beginning, the State charged Lamb with only one offense: class D felony dealing. The State filed the original information for the felony well within the five year period of limitations applicable to felonies. In response to Lamb's own motion to dismiss, the State filed an amended information, also well within five years, stating the felony dealing offense in two parts: count I(a) and count I(b).[2] In separating the felony dealing count into two parts, the State was not charging Lamb with two offenses or even two counts, but was merely trying to follow the law designed to protect Lamb's right to have a jury *not* hear of prior convictions before making the decision regarding his guilt or innocence of dealing. The pro-

---

**2.** Apparently, there is no uniform or prescribed method for drafting such enhanced charges apart from the requirement that reference to a prior offense should appear on a separate page of the indictment or information.

tection of Lamb's rights should not prevent the State from pursuing the original charge of felony dealing when both informations were filed prior to the expiration of the five-year felony limitations period. In reaching the conclusion that the State may prosecute Lamb for felony dealing, we stress that if the State proves all the elements of felony dealing except a prior conviction, Lamb shall not be convicted of felony dealing or misdemeanor dealing.

Affirmed.

RILEY and RUCKER, JJ., concur.