Thomas C. MINOR, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A02–0202–PC–169.

Court of Appeals of Indiana.

Jan. 30, 2003.

Michael K. Ausbrook, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-petitioner Thomas C. Minor ("Minor") appeals the denial of his petition for post-conviction relief ("PCR"). Be-

cause he has failed to show that his conviction was fundamentally unfair or unreliable, we affirm.

### Issue

Minor raises three issues for our review, which we consolidate and restate as whether he received ineffective assistance of appellate counsel.

### Facts and Procedural History

■ On November 26, 1996, the State charged Minor in count I with residential entry, a Class D felony ("residential entry"),[1] and in count II with Class A misdemeanor carrying a handgun without a license.[2] In a separate information, the State charged Minor in count II with Class C felony carrying a handgun without a license by virtue of his 1991 conviction for robbery. *See* Ind.Code § 35–47–2–23 ("A person who violates section 1 of this chapter commits a Class A misdemeanor. However, the offense is a Class C felony ... if the person ... has been convicted of a felony within fifteen (15) years before the date of the offense.").[3] On April 17, 1997, a six-person jury found Minor guilty of residential entry and Class A misdemeanor carrying a handgun without a license. In a separate trial held that day, the same jury found Minor guilty of Class C felony carrying a handgun without a license.

---

1. Ind.Code § 35–43–2–1.5.

2. Ind.Code § 35–47–2–1.

3. Where, as here, the State charges a defendant with an offense that is elevated in degree by virtue of a prior conviction, the trial court uses a bifurcated procedure to reduce prejudice to the defendant. In the first phase, the jury hears evidence of the most recent crime only, and, if it finds the defendant guilty, hears evidence of the defendant's prior conviction(s) in the second phase. *See Lawrence v. State,* 259 Ind. 306, 286 N.E.2d 830 (1972). As our supreme court noted in *Lawrence,*

> [i]t cannot be believed that an accused man would ever have a fair trial, resulting in a verdict not affected by prejudice or by considerations by which the jury should not be influenced, if during that trial allegations that he has ... before been convicted of ... crimes have been read to the jury, and evidence of his former convictions has been placed before them. It is beyond question that knowledge of such facts must necessarily prejudice the minds of his triers against the accused[.]

*Id.* at 314, 286 N.E.2d at 835.

On direct appeal, this court affirmed Minor's convictions in a memorandum decision. *See Minor v. State*, 694 N.E.2d 785 (Ind.Ct.App.1998). Minor filed an amended PCR petition, which the post-conviction court denied on November 27, 2001. Minor now appeals.

### Discussion and Decision

■ Minor contends that his appellate counsel was ineffective.

We analyze claims of ineffective assistance of trial and appellate counsel under the two part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on an ineffective assistance of counsel claim, one must show both deficient performance and resulting prejudice. A deficient performance is a performance which falls below an objective standard of reasonableness. Prejudice exists when a claimant shows there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Even if the claimant succeeds in showing a reasonable probability the re-* *sults would have been different, he must also show his conviction was fundamentally unfair or unreliable.* Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).[4] A fair trial has been denied a defendant when his conviction or sentence has resulted from a breakdown in the adversarial process which rendered the result unreliable.

*Williams v. State*, 706 N.E.2d 149, 154 (Ind.1999) (emphasis added; quotation marks, footnote, and some citations omitted).

Specifically, Minor contends that his appellate counsel was ineffective for failing to raise as an issue that Minor was not tried by a twelve-person jury. Indiana Code Section 35-37-1-1 provides in relevant part that "[i]f a defendant is charged with ... murder, a Class A felony, a Class B felony or a Class C felony, the jury shall consist of twelve (12) qualified jurors unless the defendant and prosecuting attorney agree to a lesser number[.]" Minor directs us to *Henderson v. State*, 690 N.E.2d 706 (Ind.1998), another case in which the State charged the defendant with Class C felony carrying a handgun without a license and tried him in a bifur-

---

**4.** The *Lockhart* court explained its holding as follows:

> Our decisions have emphasized that the Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial. Thus, the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.
>
> The test formulated in *Strickland* for determining whether counsel has rendered constitutionally ineffective assistance reflects this concern. In *Strickland,* we identified the two components to any ineffective-assistance claim: (1) deficient per-

formance and (2) prejudice. Under our decisions, a criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.*

*Lockhart v. Fretwell*, 506 U.S. 364, 368-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (emphasis added; quotation marks, footnotes, and citations omitted).

cated proceeding with a six-person jury. *See id.* at 706. Our supreme court reversed Henderson's conviction and held that "when the State's charging instrument charges the defendant with a Class C felony or higher, regardless of whether the charge has been elevated by virtue of a prior conviction, a twelve-person jury is required." *Id.* at 707.

Our supreme court issued *Henderson* on January 22, 1998, more than two months before we issued our decision in Minor's direct appeal.[5] Minor's appellate counsel failed to cite *Henderson,* however, which would have mandated a reversal of Minor's conviction for carrying a handgun without a license.[6] We conclude that this failure constituted deficient performance [7] and that Minor has shown more than a reasonable probability that, but for

his appellate counsel's errors, the result of his direct appeal would have been different. Nevertheless, Minor does not even contend, much less make the showing, required by *Williams,* that "his conviction was fundamentally unfair or unreliable." *Williams,* 706 N.E.2d at 154; *see also Lockhart,* 506 U.S. at 369, 113 S.Ct. 838.[8] As such, we cannot conclude that Minor received ineffective assistance of appellate counsel.

Affirmed.

FRIEDLANDER and MATTINGLY–MAY, JJ., concur.

5. *Henderson's* holding applied to Minor's direct appeal which was pending when our supreme court issued its opinion. *See Powell v. State,* 574 N.E.2d 331, 333 (Ind.Ct.App. 1991) ("New rules for the conduct of criminal prosecutions are to be applied retroactively to cases pending on direct review or not yet final when the new rules are announced."), *trans. denied* (1992).

6. At trial, Minor did not object to being tried by a six-person jury. At the time of Minor's trial, however, Indiana case law was clear that Minor was not entitled to a twelve-person jury. *See Johnson v. State,* 654 N.E.2d 20 (Ind.Ct.App.1995), *trans. denied, disapproved of by Henderson,* 690 N.E.2d at 706. Under the circumstances, we conclude that Minor did not waive the issue by failing to object at trial. We see no reason to punish a defendant for his counsel's inability to predict the future.

7. We recognize that our supreme court issued its opinion in *Henderson* after Minor's direct appeal was fully briefed to this court. We note, however, that Minor's appellate counsel had over two months in which to bring *Henderson* to this court's attention before we issued our decision. *See* former Ind. Appellate Rule 8.4 (allowing for amendment of brief upon notice to other party and leave of

court and submission of additional authorities at any time). After we issued our decision, Minor's appellate counsel had another thirty days in which to file a motion for rehearing. *See* former Ind. Appellate Rule 11(A) ("Application for a rehearing of any cause may be made by petition . . . filed with the clerk within thirty (30) days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous."). We observe that "good appellate advocacy demands the regular reading of the Advance Sheets." *Boss–Harrison Hotel Co. v. Barnard,* 148 Ind.App. 406, 408, 266 N.E.2d 810, 811 (1971).

8. *See Croney v. State,* 710 N.E.2d 212, 213 (Ind.Ct.App.1999) ("[A]lthough a defendant charged with a felony has a constitutional right to a trial by jury, there is nothing in the United States or Indiana Constitutions guaranteeing the defendant a right to trial by a twelve-person jury. As the United States Supreme Court clearly has stated, *neither theory nor experience support the view that an accused will have any advantage with a twelve-person jury.*") (emphasis added and citations omitted), *trans. denied.* As such, we believe that a petitioner or defendant will generally be unable to show that his conviction was fundamentally unfair or unreliable simply because he was tried by a six-person jury.