**Thomas C. MINOR, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–0202–PC–169.

Court of Appeals of Indiana.

July 22, 2003.

Michael K. Ausbrook, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-petitioner Thomas C. Minor appeals the denial of his petition for postconviction relief ("PCR"). We affirm in part and reverse in part.

### Issue

Minor raises three issues for our review, which we consolidate and restate as whether he received ineffective assistance of appellate counsel.

### Facts and Procedural History

We set forth the following facts in *Minor v. State*, 782 N.E.2d 459 (Ind.Ct.App. 2003) ("*Minor I*"), *trans. granted*, 790 N.E.2d 437, 2003 WL 21458322 (Ind. June 23, 2003) ("*Minor II*").

On November 26, 1996, the State charged Minor in count I with residential entry, a Class D felony ("residential entry"),[1] and in count II with Class A misdemeanor carrying a handgun with-

---

1. Ind.Code § 35–43–2–1.5.

out a license.[2] In a separate information, the State charged Minor in count II with Class C felony carrying a handgun without a license by virtue of his 1991 conviction for robbery. *See* Ind.Code § 35–47–2–23 ("A person who violates section 1 of this chapter commits a Class A misdemeanor. However, the offense is a Class C felony . . . if the person . . . has been convicted of a felony within fifteen (15) years before the date of the offense.").[3] On April 17, 1997, a six-person jury found Minor guilty of residential entry and Class A misdemeanor carrying a handgun without a license. In a separate trial held that day, the same jury found Minor guilty of Class C felony carrying a handgun without a license.

On direct appeal, this court affirmed Minor's convictions in a memorandum decision. *See Minor v. State*, No. 49A02–9709–CR–634, 694 N.E.2d 785 (Ind.Ct.App. Mar.27, 1998). Minor filed an amended PCR petition, which the post-conviction court denied on November 27, 2001.

*Minor I*, 782 N.E.2d at 460–61 (footnotes in original).

Minor subsequently appealed. In an opinion published January 30, 2003, we affirmed the post-conviction court's denial of relief. *See id.* at 462. On June 23, 2003, our supreme court vacated our opin-ion and remanded for reconsideration. *See Minor II*, 790 N.E.2d 437, 2003 WL at 21458322.

**Discussion and Decision**

██ When reviewing the denial of a PCR petition, we are mindful that

[p]ost-conviction proceedings do not afford a petitioner with an opportunity for a "super-appeal.". . . The petitioner must establish his grounds for relief by a preponderance of the evidence. When the petitioner is appealing from a denial of relief on a claim with which he had the burden of proof, he is appealing from a negative judgment. In a post-conviction setting, the petitioner must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court.

*Seeley v. State*, 782 N.E.2d 1052, 1057–58 (Ind.Ct.App.2003) (citations omitted), *trans. denied.*

██ Indiana Code Section 35–37–1–1 provides in relevant part that "[i]f a defendant is charged with . . . murder, a Class A felony, a Class B felony or a Class C felony, the jury shall consist of twelve (12) qualified jurors unless the defendant and prosecuting attorney agree to a lesser number[.]"[4] Minor directs us to *Henderson v. State*, 690 N.E.2d 706 (Ind. 1998), another case in which the State

---

2. Ind.Code § 35–47–2–1.

3. Where, as here, the State charges a defendant with an offense that is elevated in degree by virtue of a prior conviction, the trial court uses a bifurcated procedure to reduce prejudice to the defendant. In the first phase, the jury hears evidence of the most recent crime only, and, if it finds the defendant guilty, hears evidence of the defendant's prior conviction(s) in the second phase. *See Lawrence v. State*, 259 Ind. 306, 286 N.E.2d 830 (1972). As our supreme court noted in *Lawrence*,

[i]t cannot be believed that an accused man would ever have a fair trial, resulting in a verdict not affected by prejudice or by considerations by which the jury should not be influenced, if during that trial allegations that he has . . . before been convicted of . . . crimes have been read to the jury, and evidence of his former convictions has been placed before them. It is beyond question that knowledge of such facts must necessarily prejudice the minds of his triers against the accused[.]

*Id.* at 314, 286 N.E.2d at 835.

4. Minor insists that the Indiana Constitution affords him the right to be tried by a twelve-person jury. On the contrary, "although a

charged the defendant with Class A misdemeanor and Class C felony carrying a handgun without a license and tried him in a bifurcated proceeding with a six-person jury. *See id.* at 706. The *Henderson* court reversed the post-conviction court's denial of relief as to Henderson's Class C felony conviction and held that "when the State's charging instrument charges the defendant with a Class C felony or higher, regardless of whether the charge has been elevated by virtue of a prior conviction, a twelve-person jury is required." *Id.* at 707. Minor contends that his appellate counsel was ineffective in failing to raise as an issue that he was not tried by a twelve-person jury.

 "The standard of review for a claim of ineffective assistance of appellate counsel is the same as for trial counsel." *Trueblood v. State,* 715 N.E.2d 1242, 1256 (Ind.1999).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show two things: (1) the lawyer's performance fell below an "objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Segura v. State,* 749 N.E.2d 496, 500–01 (Ind.2001).[5]

 Our supreme court issued *Henderson* on January 22, 1998, more than two months before Minor's direct appeal was decided.[6] Minor's appellate counsel failed to cite *Henderson,* however, which would have mandated a reversal of Minor's conviction for Class C felony carrying a handgun without a license. We conclude

---

defendant charged with a felony has a constitutional right to a trial by jury, *there is nothing in the United States or Indiana Constitutions guaranteeing the defendant a right to trial by a twelve-person jury.*" *Croney v. State,* 710 N.E.2d 212, 213 (Ind.Ct.App.1999) (emphasis added).

5. In *Minor I,* we cited the following passage from *Williams v. State,* 706 N.E.2d 149 (Ind. 1999): "Even if the claimant succeeds in showing a reasonable probability the results would have been different, he must also show his conviction was fundamentally unfair or unreliable." *Id.* at 154 (citing *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180, (1993)). Because Minor did not claim that his conviction was fundamentally unfair or unreliable, we affirmed the post-conviction court's denial of relief. *See Minor I,* 782 N.E.2d at 462.

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), however, the United States Supreme Court explained that "[c]ases such as ... *Lockhart* ... do not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel ... deprive[s] the defendant of a substantive or procedural right to which the law entitles him." *Id.* at 393, 120 S.Ct.

1495. In *Segura v. State,* 749 N.E.2d 496 (Ind.2001), our supreme court noted,
> In *Williams,* the United States Supreme Court held that *Fretwell* did not require a showing that the conviction or sentence was "unfair or unreliable" to establish the prejudice prong of a claim of ineffective assistance of counsel in all cases. 529 U.S. at 391–93, 120 S.Ct. 1495, 146 L.Ed.2d 389. Rather, *Fretwell* applies in the rare instance where "the likelihood of a different outcome attributable to an incorrect interpretation of the law should be regarded as a potential 'windfall' to the defendant rather than the legitimate 'prejudice' contemplated by ... *Strickland.*" *Id.* at 392, 120 S.Ct. 1495, 146 L.Ed.2d 389. *Williams* made clear that the prejudice is to be measured by the oft-quoted "reasonable probability" of a different "result" set forth in *Strickland.*

*Id.* at 501. Since Minor is clearly entitled to be tried by a twelve-person jury on his Class C felony charge, a reversal could not be regarded as a "windfall"; therefore, straightforward application of *Strickland* is appropriate.

6. *Henderson's* holding applied to Minor's direct appeal. *See Powell v. State,* 574 N.E.2d 331, 333 (Ind.Ct.App.1991) ("New rules for

that this failure constituted deficient performance.[7] *See Boss–Harrison Hotel Co. v. Barnard,* 148 Ind.App. 406, 408, 266 N.E.2d 810, 811 (1971) ("[G]ood appellate advocacy demands the regular reading of the Advance Sheets."). We further conclude that Minor has shown more than a reasonable probability that, but for his appellate counsel's errors, the result of his direct appeal would have been different. Accordingly, we affirm the post-conviction court's denial of relief as to Minor's convictions for residential entry and Class A misdemeanor carrying a weapon without a license but reverse its denial of relief as to Minor's conviction for Class C felony carrying a handgun without a license. *See* R. at 18.

Affirmed in part and reversed in part.

FRIEDLANDER, J., and MAY, J., concur.

the conduct of criminal prosecutions are to be applied retroactively to cases pending on direct review or not yet final when the new rules are announced."), *trans. denied* (1992).

7. Our supreme court issued *Henderson* after Minor's direct appeal was fully briefed. We note, however, that Minor's appellate counsel had over two months in which to bring *Henderson* to this court's attention before his appeal was decided. *See* former Ind. Appellate Rule 8.4 (allowing submission of additional authorities at any time).